## JAMES CANADA V. TERRITORY OF OKLAHOMA.

### (Filed February 5, 1903.)

1. **CRIMINAL LAW—Murder.** When there is no evidence tending to establish that the defendant withdrew from the combat after the commencement thereof and before he fired the fatal shot, it is not error to omit to instruct the jury that, although the defendant was the original aggressor, still, if he, in good faith, withdrew from the fight and the deceased pursued him, and he fired the fatal shot in self defense, he should be acquitted. Under such circumstances an instruction on defendant's rights after retreat should not be given.

2. **SAME—Instruction.** An erroneous instruction as to manslaughter in the first degree will not reverse a case, where the law as to murder is correctly stated, and the evidence justifies, and the jury finds the defendant guilty of murder, unless it can be reasonably inferred that such instruction, to some extent, influenced the verdict.

3. **COUNTY ATTORNEY—Deputy, Duties of.** A deputy county attorney, as such, may perform any duty imposed upon the county attorney, and, in the trial of a murder case, may read the indictment to the jury and state the defendant's plea.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before Clinton F. Irwin, Trial Judge.*

*J. I. Phelps, W. A. Maurer* and *J. H. Warren,* for plaintiff in error.

*J. C. Robberts, Attorney General,* for defendant in error.

Opinion of the court by

BURWELL, J.: The plaintiff in error was tried in the district court of Canadian county for the crime of murder;

was found guilty and sentenced to life imprisonment. An appeal has been taken to this court, and a reversal prayed on several grounds, the first of which is that the indictment is insufficient. There is no merit in this contention.

It is contended that the court erred in not instructing the jury, if the defendant began the difficulty and then withdrew from the combat, in good faith, and the deceased followed him up and renewed the fight, and made demonstrations such as to cause him to reasonably believe that the deceased was about to do him some great bodily harm or take his life, and the defendant reasonably believed he was in danger, that he would have the right to act in self-defense, although he was the original aggressor. A careful examination of the entire record has failed to disclose any evidence on which an instruction defining the rights of a defendant, after retreat in good faith, could have been based. The defendant did not retreat until after the deceased received the fatal shot, and he was not prejudiced by the omission of such an instruction. He was not entitled to it.

The evidence establishes that the defendant and the deceased had some difficulty—that is, some words—in the saloon of the deceased, early in the afternoon of the day of the homicide; that the defendant went out and bought a revolver and returned to the saloon later on in the same day, and on this visit the deceased was killed. The court instructed the jury, that, under the laws of this territory, every person who carries concealed about his person any description of firearms, being loaded or partly loaded, is guilty of a misdemeanor; and in another instruction the court stated that the killing of one human being by another is manslaughter in the first

degree, when perpretrated without a design to effect death by a person while engaged in the commission of a misde- meanor; and finally the court said:

"The jury are instructed that, if they believe from the evidence, beyond a reasonable doubt, that the deceased was killed by the defendant, while the defendant was engaged in the commission of a misdemeanor, although said killing was perpretrated without a design to effect death, the defendant is guilty of manslaughter in the first degree; and the jury should so find, unless the jury believe from the evidence, that at the time of the killing, the defendant was acting in neces- sary and reasonable self-defense."

It is not necessary to decide whether these instructions were correct or erroneous, as they could become applicable to the case only in the event that the jury failed to find the de- fendant guilty of murder under the evidence and the instruc- tions applicable to that degree of the crime. This question is an important one and is squarely involved in other cases pending in this court, and we will reserve our interpretation of the statute which provides that: "homicide is man- slaughter in the first degree when perpretrated without a design to effect death by a person while engaged in the com- mission of a misdemeanor," until we reach a case wherein it affects the substantial rights of the defendant.

The last contention of the plaintiff in error is that it was error for the deputy county attorney to read the indictment to the jury and state the plea of the defendant. Section 5196 of the Statutes of 1893, provides:

"The jury having been empaneled and sworn, the trial must proceed in the following order: First, if the indictment

is a felony, the clerk or district attorney must read it, and state the plea of the defendant to the jury. In other cases this formality may be dispensed with," etc.

By the expression "district attorney" is evidently meant county attorney. Conceding the contention of counsel for appellant, it is only an error occurring during the trial and cannot be reviewed here, because no objection was made at the time to the deputy county attorney reading the indictment to the jury and stating the defendant's plea. No exceptions were saved, and it is a matter which constitutes no part of the judgment roll. But the position is untenable. Section 1715 of the Statutes of Oklahoma of 1893 is as follows:

"The county attorney may appoint a deputy, or deputies, to perform the duties devolving on such county attorney; when so acting said deputy, or deputies, shall be entitled to receive the fees provided for under this act."

This section expressly authorizes a deputy county attorney to perform the duties devolving upon the county attorney. It is general in' its terms, and includes every act which the county attorney, as such, may perform.

The judgment of the trial court should be affirmed. It is so ordered.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.