## BROWN v. MOTLEY.

No. 5251.   Opinion Filed September 21, 1915.

(151 Pac. 1060.)

1. **TRIAL—Instructions—Application to Case—Action for Assault.** In an action for damages for an assault and battery, where the defendant interposes the defense of self-defense, and the court correctly instructs the jury on such defense, but does not include therein an instruction as to the effect of one withdrawing or attempting to withdraw from a difficulty which he has provoked, and there is no evidence that the defendant withdrew or attempted to withdraw from the difficulty after he provoked it, **held,** that the court did not err in failing to instruct the jury upon that phase of the law of self-defense.

2. **APPEAL AND ERROR—Instructions—Request.** Where an instruction is correct so far as it goes, and it is urged by the defendant that under his theory of the case additional instructions should have been given, reversal will not be had unless a supplemental instruction is requested by such defendant embodying such theory.

(Syllabus by Dudley, C.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenreid, Judge.*

Action by R. W. Motley against E. P. Brown. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. H. Lilly* and *Brown & Stewart,* for plaintiff in error.

*Crump, Crump & Garrett,* for defendant in error.

Opinion by DUDLEY, C. In September, 1912, the defendant in error, hereinafter referred to as plaintiff, commenced this action in the district court of Muskogee county against the plaintiff in error, hereinafter referred to as defendant, to recover damages for personal injuries for an assault and battery. The defendant answered by general denial and a special plea of self-defense. The case was tried to the court and jury, resulting in a judgment for the plaintiff for $355.95, from which the defendant has appealed.

The record discloses that the parties to this action are physicians residing in Muskogee; that the defendant owned an office building in Muskogee, in which the plaintiff used and occupied offices as a tenant; that a dispute arose between them as to the rent and the removal of the plaintiff from said offices. Following this, and in July, 1912, the defendant called at plaintiff's offices with reference to these matters, and during their conversation assaulted him, said assault resulting in the injuries complained of. The defendant admitted the assault, but claimed that he acted in self-defense. This issue was determined in favor of the plaintiff.

The only error urged is the action of the trial court in giving the following portion of the instruction on self-defense, to wit:

"You are further instructed in this connection, if you believe from the evidence that the defendant provoked and voluntarily brought on the difficulty between himself and the plaintiff, then and in that event he would in law

be the aggressor, and under such circumstances he would be cut off from his right of self-defense, even though he was about to be attacked by the plaintiff."

No complaint is made of this portion of the instruction so far as it goes, but it is insisted that the trial court committed prejudicial error in not going further and instructing on the law, as applied to self-defense, where one provokes a difficulty, and then withdraws or attempts to do so. This contention is not sound for two reasons: (1) There is no evidence whatever to show that the defendant withdrew or even attempted to withdraw from the difficulty after he provoked it, and hence it was not the duty of the trial court to instruct on this phase of self-defense (*Canada v. Territory*, 12 Okla. 409, 72 Pac. 375); and (2) the record discloses that the defendant did not request an instruction on this or any other phase of his defense or theory of the case, and therefore he is not in a position to complain, because, if he desired a more complete and fuller instruction upon his theory of the case, it was his duty to request it. *St. L. & S. F. R. Co. v. Crowell*, 33 Okla. 773, 127 Pac. 1063; *First National Bank of Muskogee v. Tevis et al.*, 29 Okla. 714, 119 Pac. 218; *C., R. I. & P. Ry. Co. v. Radford*, 36 Okla. 657, 129 Pac. 834; *Seay et al. v. Plunkett*, 44 Okla. 794, 145 Pac. 496.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.