### ROSE v. COCHRAN.

No. 10384—Opinion Filed Dec. 20, 1921.

(Syllabus.)

1. **Appeal and Error — Objections to Instructions—Necessity for Requests.**

The rule is well established that where the instructions of the court do not cover all the phases of the case, counsel is bound to call the court's attention to the omission by an appropriate request for additional instructions, or be precluded from making such failure available as reversible error.

2. **Same.**

Where an instruction is correct so far as it goes, and it is urged by the defendant that under his theory of the case additional instructions should have been given, reversal will not be had unless a supplemental instruction is requested by such defendant embodying such theory.

3. **Same — Harmless Error — Evidence and Instructions.**

Under and by virtue of section 6005, Rev. Laws 1910, this court will not reverse the case for the rejection of evidence or giving of an erroneous instruction unless in the opinion of the court, after examination of the entire record, it appears that the er-

ror complained of resulted in the miscarriage of justice or deprived the complainant of a statutory or constitutional right.

Error from County Court, Tulsa County; W. B. Williams, Judge.

Action by Ella Cochran against Asa Rose for conversion. Judgment for plaintiff, and defendant brings error. Affirmed.

Biddison & Campbell and Walker, Underwood & Rodolf, for plaintiff in error.

McGuire & Marshall, for defendant in error.

McNEILL, J. This action was commenced in the county court of Tulsa county by Ella Cochran against Asa Rose and James H. Rose, a co-partnership doing business under the firm name and style of Asa Rose Loan Company. Plaintiff alleged the defendants were a co-partnership and engaged in operating a store; that she was the owner of a certain diamond which she took to the place of business of defendants and left and deposited with the defendants to fit, fasten and secure said diamond into a setting, and defendants received and accepted the diamond and agreed to fit and secure the same; that plaintiff had demanded said diamond, and defendants had refused to return the same to her and had converted the same to their own use. To this petition, the defendants filed a general denial verified. The plaintiff, after introducing the evidence, dismissed her action against the partnership and James H. Rose, and the case proceeded against the defendant Asa Rose. The case was submitted to the jury, and the jury returned a verdict in favor of plaintiff in the sum of $250.

The material facts testified to are as follows: Plaintiff testified in substance, that she had on several occasions been in the store of defendant, which was a second-hand store and pawn shop; that defendant kept some jewelry in the front of the store and baggage in the back. That they had some rings and diamonds. That on or about the 1st of June, 1917, she went to the store to sell some clothing and exhibited the diamond, and asked one of the clerks in the store if he could place the diamond in a certain setting. That the clerk advised her he could set the diamond, and asked her where she got such a good looking diamond. That she left the diamond and went out of the store, but returned in a few minutes and was advised that the diamond had been lost, and the clerks were looking for it, but had been unable to find it.

The plaintiff produced two other witnesses, who came into the store at her request, who testified the clerks were looking for the diamond, or at least were looking for the set. A street car conductor also testified that he had seen the plaintiff with a diamond and the same was about a carat and a half.

The defendant testified in his own behalf, and also his two clerks testified. Mr. Owen, one of the clerks, admitted receiving the set, but denied that it was a diamond, and stated that it was just a cheap glass set; that he informed the plaintiff that they did not do repair work, but she handed the set to him, and he picked up a pair of pliers and suggested he might set the diamond in the setting, but that he would charge her nothing for the same. That she left the store for a few minutes, and while plaintiff was gone the stone or set slipped out of the pliers and dropped to the floor, and he was unable to find the same. He further testified that thereafter, on the same day, Mr. Rose came in, and while they were looking for the set, the plaintiff demanded that she be paid for the same, and Mr. Rose suggested if Mr. Owen had lost the stone Mr. Owen had better pay for it; and that witness did settle with the plaintiff, and gave her a pair of shoes valued at $7, a $3.00 shirt and $2.50 in money as a full settlement. The other clerk substantiated this statement. Mr. Rose testified that he was not in the store when plaintiff came in, that he did not do repair work, and that Mr. Owen had settled with the plaintiff, and she was satisfied; but after he was sued he found the stone and it was identified by Mr. Owen and the other clerk as the stone belonging to the plaintiff, and it was simply a cheap glass stone; and he offered the stone in evidence, but plaintiff denied this was the stone.

The court in his instruction to the jury defined the issues as raised by the pleadings, and then instructed the jury upon the burden of proof and the preponderance of the evidence. In instruction No. 6 the court advised the jury, in substance, if they found from a preponderance of the testimony that the defendant was the owner of or operating the place of business where said stone was received, and he left certain clerks in charge of the store for the purpose of operating the same, and that said clerks received and took into their possession said diamond, and upon demand of plaintiff refused to surrender the same to the plaintiff, then in that event the defendant Rose would be responsible. This instruction was excepted to by the defendant. The court in instruction No. 8 ad-

vised the jury that if the defendant or any person acting for him agreed upon the value of said stone with plaintiff, after the stone was lost, if the same was lost, and paid the plaintiff the amount agreed upon, then in that event their verdict should be for the defendant. The defendant excepted to the giving of this instruction. The defendant requested no special instructions.

The defendant, for reversal, argues several propostions. The first is that the principal's liability for the torts of his agent is limited to acts within the scope of the agent's authority, or committed in the course of his employment; second, that the question of agency, when there is any evidence on the matter, is a question of fact for the jury; third, that when Ella Cochran left her stone with Mr. Owen to put in a setting by him free of charge, he became what is known as a gratuitous bailee.

If the law relied on by the plaintiff in error can have any application to the case at bar, it must be upon the theory that the court failed to instruct the jury that the principal's liability for the torts of his agent is limited to acts within the scope of the agent's authority or committed in the course of his employment; and, second, regarding the liability of a gratuitous bailee. It must be remembered that this was an action for conversion. There was no allegation of agency contained in the petition, but simply an allegation that the defendant had received plaintiff's diamond and refused to surrender it. The defendant answered by general denial. The plaintiff, to support her allegations in the petition, produced evidence to show that she did not deliver the diamond to the plaintiff, but delivered it to Mr. Owen, the clerk in charge of defendant's store. Jewelry was handled in this store, and Mr. Owen advised her he could set the diamond and accepted the diamond for that purpose. She testified that the defendant was not present at the time, but came in the store and was advised that Owen had lost her diamond. She called several times regarding the stone, and at last the defendant ordered her out of the store.

The defendant, in support of his answer, does what? He admits he has the stone in his possession, and produces it, and the same is identified by Mr. Owen and the other clerk as being the identical stone. The defendant further testified that he was present on the day the same was lost, and advised Mr. Owen that if he, Mr. Owen, had lost the stone of the plaintiff, he, Mr. Owen,

should pay the plaintiff for it, and that Mr. Owen in his presence did settle with the plaintiff. Mr. Owen testified he settled with the plaintiff. The other clerk testified that Mr. Owen paid the plaintiff. Considering the case upon the theory of the plaintiff, and as advanced by the defendant, the question of agency or of gratuitous bailee is not raised by the pleadings nor by this portion of the evidence. Instruction No. 6 substantially states the law applicable to the facts above stated. If the question of agency can be involved, it is upon the theory that the plaintiff's evidence is also sufficient to disclose the additional defense that Mr. Owen in receiving the stone was not acting within the scope of his authority. Let us agree that there was sufficient evidence to justify the submission of this question to the jury. The defendant objected to instruction No. 6, but did not request the court to submit the other defense. Can he now complain that the court failed to include in this instruction this theory of the defense? The rule announced in 14 R. C. L 795, is stated as follows:

"The rule is therefore firmly established that where the charge of the court does not cover all phases of the case, counsel is bound to call its attention to the omission by an appropriate request or be precluded from making such failure available as reversible error."

This same principle was announced by this court in the case of M., O. & G. Ry. Co. v. Collins, 47 Okla. 761, 150 Pac. 142:

"If the court's charge be not sufficiently full, or sufficiently specific, it is the duty of the party who considers himself aggrieved thereby to request fuller or more specific instructions from the court, and if he fails so to do, there is no basis for an assignment of error to the giving of such instructions. The saving of exceptions thereto will not suffice, not being equivalent to a request for a fuller or more specific instruction."

In the case of Brown v. Motley, 51 Okla. 277, 151 Pac. 1060, it was held:

"Where an instruction is correct so far as it goes, and it is urged by the defendant that under his theory of the case additional instructions should have been given, reversal will not be had unless a supplemental instruction is requested by such defendant embodying such theory."

By applying the above rule to the case at bar, defendant waived his right to have the question of agency submitted to the jury.

The third assignment of error is that the court erred in the rejection of certain evidence, to wit: That the defendant offered to prove that he was not engaged in the

jewelry repair business, had never been and does not hold himself out to the public as being engaged in that business, and had given specific instructions to all his employes not to accept or receive any kind of jewelry for repair work.

Section 6005, Rev. Laws 1910, provides, in substance, that no judgment shall be set aside by the appellate court on the ground of rejection of evidence unless in the opinion of the court, after an examination of the entire record, it appears that the errors complained of probably resulted in a miscarriage of justice. An examination of the record discloses that Mr. Owen testified regarding the kind and character of business the defendant was engaged in, and further testified they did not hold themselves out to the public as being in the jewelry repair business; that they never accepted any jewelry to be repaired; that his authority in the store was to buy and sell goods. He further testified the defendant never instructed him not to accept any work for repair, but he had often heard the defendant say he did not handle diamonds or did no repair work. The defendant was asked if they did any repair work in the store, and he answered that they did not. Defendant had introduced evidence to substantiate every fact he desired to prove except that the defendant had instructed his clerks not to accept such kind of work. This, however, was in direct conflict with the evidence of Mr. Owen, who was produced by the defendant and testified the defendant had never instructed him not to receive work for repair, but he knew the defendant did not receive that kind of work. From an examination of the entire record, when evidence had been introduced to prove the same thing defendant offered to prove, we cannot say that this error resulted in a miscarriage of justice.

It is next contended that the court erred in giving instruction No. 8. The court in this instruction simply advised the jury that if the plaintiff and defendant or any party acting on plaintiff's behalf agreed on the value of the stone, and the plaintiff was paid the amount agreed upon, then the verdict should be for the defendant.

Plaintiff in error contends the instruction is erroneous because it assumes the defendant had settled with the plaintiff, but defendant's contention is that Mr. Owen, when making the settlement, was acting in his own behalf, and not for the defendant. Under either theory the question covered by the instruction was, if the plaintiff had agreed with anyone and accepted payment for the diamond, she could not recover in

this action. This would not be reversible error under section 6005, Rev. Laws 1910.

For the reasons stated, the judgment is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.