**MASCHO v. HINES, Director General of Railroads.**

No. 11240—Opinion Filed July 24, 1923.

Negligence—Contributory Negligence—Province of Jury.

The defense of contributory negligence is at all times a question of fact for the jury, under section 6, art. 23, Williams' Annotated Constitution, and it is error for the court to instruct the jury that a certain state of facts or circumstances does constitute contributory negligence. The court should simply define the meaning of the term "contributory negligence" as used in the Constitution and leave it to the jury to say whether the plaintiff's negligence had or had not contributed to the injuries complained of.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Lincoln County; Ira E. Billingslea, Judge.

Action by A. A. Mascho against Walker D. Hines, Director General of Railroads. Judgment for defendant, and plaintiff appeals. Reversed.

W. L. Johnson and Embry, Johnson & Tolbert, for plaintiff in error.

Cottingham, Hayes, Green & McInnis, for defendant in error.

Opinion by RAY, C. This is an action against the Director General of Railroads for damages for the destruction of an automobile truck by a passenger train on the A., T. & S. F. Railway at a crossing near the town of Davenport on the 19th day of November, 1918. Judgment was for the defendant, and plaintiff appeals.

While it is contended that the verdict was not sustained by sufficient evidence and was contrary to law, the principal contention of the plaintiff in error is that the court failed to instruct the jury upon the plaintiff's theory of the case, and that the jury was misled by the instructions given.

The petition alleged that the accident was caused by the negligence of the defendant and his agents and servants in that (1) they ran their passenger train across the highway at the crossing at a high and dangerous rate of speed and omitted while so approaching the crossing to give any signals, by ringing the bell or sounding the steam whistle or otherwise; (2) that the crossing was within or near the corporate limits of the town of Davenport and on the highway from Davenport to the town of Chandler, where there was heavy traffic and people were in the habit of crossing with vehicles at all hours of the day and night, which was well known to the defendant; (3) that the crossing was located just below a sharp curve in the railroad in a deep cut with high embankments on either side of the railroad for a long way to northward and in the direction from which the train approached and that the embankments were such as to completely obstruct the view of the train approaching the crossing from the north, and that the train was coming down a heavy grade; (4) that the crossing was in a cut and the approach thereto so constructed on either side of the right of way that there was a sharp decline in the roadway to the railroad track which made it difficult to stop an automobile after reaching a point within the cut where the approaching train could be seen; (5) that there was a strong south wind blowing in the direction of the approaching train which prevented the carrying of sound to any great distance in front of the train, and if any signal was sounded either by the whistle or bell that it was not sounded at such time and place as to warn of the approaching train; (6) that at the time, and long prior thereto, the defendant maintained an electric signal bell at the crossing, and that the defendant

negligently and carelessly permitted the signal bell to become out of repair and thus become, and was, a false signal to persons crossing the track, and that, notwithstanding these conditions and circumstances, the defendant, by his agents and servants, carelessly and negligently ran the train at a high and dangerous rate of speed to and upon the crossing and destroyed plaintiff's automobile truck.

The defendant answered: (1) By general denial; (2) that Shaffer, the employe of the plaintiff, drove the automobile truck upon the track of the defendant in front of an approaching passenger train which was open to his view for considerable distance, and that notwithstanding all the signals were given as required by law, Shaffer, who was the employe of the plaintiff, drove the automobile truck upon the railroad track without exercising any diligence or care and consideration; that he was a man of mature years, possessing all of his faculties and notwithstanding that the signals were given and his view unobstructed, he drove upon the track of the approaching train without taking the precaution required by law, and was, therefore, guilty of contributory negligence, which contributory negligence was the proximate cause of the accident.

The plaintiff offered evidence to show that the crossing was in an eight foot cut; that the road upon which the driver approached the railroad from the west made a gradual decline beginning about 50 yards west of the track, making about a six per cent. grade from there to the track; that the railroad track from the north, over which the train approached, entered the cut something like one-half mile north of the crossing, and that it was down grade from there to the crossing, and that the cut was gradually deeper from that point to the crossing; that in making the cut, dirt had been thrown up on the embankment on the west side of the track so that an approaching train could not be seen by one approaching from the west on the road for some 200 or 300 yards or more until within 20 or 30 yards from the track; that the train approaching from the north could not be seen after getting within 15 or 20 yards of the track for a distance greater than 258 yards; that the electric signal bell had become out of repair, and at different times had failed to ring for an approaching train, and at other times, after it had started ringing, caused by the approaching train, it continued to ring long after the train was gone and therefore was not a reliable signal; that the crossing was within about one-fourth of a mile from the town of Davenport and on the principal road traveled from Chandler to Davenport, and that there was a great deal of travel over the road; that Jack Shaffer, the employe of the plaintiff, who was driving this truck, a new 1½-ton Maxwell gasoline truck, was in the habit of crossing at that point; that he was familiar with the crossing and its condition, and, on this particular occasion on his way from Chandler to Davenport, as he approached the crossing from the west to the east, he stopped his car about 16 yards from the track and looked for an approaching train and listened for the signals, but he did not hear the train whistle for the station, nor for the crossing, and that the signal bell was not ringing: that he started the truck again, first in low and then in high, to cross the track and make the grade on the other side; that when he was within about 25 or 30 feet from the track he first saw the train approaching from the north, 158 steps distant; that he cut off the gas and threw on his brake, which was in good working condition, but, owing to the down grade he was unable to stop the car; that it continued to move till the front wheels were on the track; that he abandoned the truck for his own preservation and the engine struck and destroyed the truck.

The uncontroverted evidence of the defendant shows that the engineer blew the whistle for the station about one-half mile before reaching the crossing and blew the regulation crossing whistle about one-quarter mile before he reached the crossing, and that during the approach to the crossing, the distance to the crossing not stated, he rang the bell to notify some track workers that there was a train approaching; that at the top of the hill or grade, somewhere near the beginning of the cut, the engineer cut off the steam and the train, as it approached the crossing, was running on its own momentum, that the engineer first saw the truck approaching the track at a point about 300 or 400 feet from the crossing, which appears to be the farthest point from the crossing at which one approaching the tracks from the west side could be seen; that he blew the whistle and threw on the brakes and apparently did everything he could to stop the train; that the firemen disconnected the fuel, the engine being an oil burner; that Shaffer, who was driving the truck, knew the schedule of the trains and knew that it was what was known as the fast train running on that line, and said, on cross-examination, that he believed the train crew did everything within their power

to prevent the accident after they saw him.

The train was running on a 28-mile schedule. The conductor testified that the train was on time and running between 25 and 30 miles an hour. The driver of the truck testified that it was running between 35 and 40 miles an hour. The fireman said it was running about 35 miles an hour. It is clear to us that different minds might reasonably reach different conclusions as to whether the accident was caused by the negligence of the defendant or whether the driver of the truck was guilty of contributory negligence and is, therefore, following Clark v. S. L. & S. F. Ry. Co., 24 Okla. 764, 108 Pac. 361, and Littlejohn v. Midland Valley Ry. Co., 47 Okla. 204, 148 Pac. 120, a question for the jury under proper instructions.

The court did not instruct the jury upon the plaintiff's theory of the case, and that is urged as error. The defendant contends that, under the authority of Rose v. Cochran, 84 Okla. 148, 202 Pac. 1003, such omission was not reversible error for the reason that counsel did not call the court's attention to such commission by a request for additional instructions. But as the case must be reversed because of errors in the instructions given, and as the same question should not arise on another trial, we will not consider it.

The court committed reversible error in the instructions upon contributory negligence:

"7. You are further instructed that the railroad crossing in question was of itself a warning of danger, and it was the duty of the plaintiff's agent in charge of the auto truck to approach it carefully and use reasonable care to avoid accident, that is, such care and prudence as an ordinary man could exercise under like circumstances, including the use of his faculties of sight and hearing, and if he failed so to do, with the result that the plaintiff's property was injured, he is guilty of such contributory negligence ing any damages whatever in this case, although the defendant and his agents may have been guilty of negligence."

In pointing out in this instruction what particular precautions were necessary to free the driver of the truck from contributory negligence before the plaintiff could recover, the court was invading the province of the jury and depriving the plaintiff of a constitutional right. Under the Constitution of this state the defense of contributory negligence is a question of fact to be decided by the jury and not a question of as will preclude the plaintiff from recover-

law for the court. Section 6, art. 23, Williams' Ann. Const., says:

"The defense of contributory negligence or assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

This question was before this court in Wichita Falls & N. W. Ry. Co. v. Woodman, 64 Okla. 326, 168 Pac. 209, where it is said in the syllabus:

"The defense of contributory negligence is at all times a question of fact for the jury, under article 23, sec. 6, Williams' Ann. Const., and the court should not instruct the jury that a certain fact or circumstance or a given state of facts and circumstances do or do not constitute contributory negligence."

Again, in Sweet v Henderson, 72 Oklahoma, 178 Pac. 666, this court said:

"The defense of contributory negligence is at all times a question of fact for the jury, under section 6, art. 23, Williams' Ann. Const., and it is error for the court to instruct the jury that a certain state of facts or circumstances do constitute contributory negligence."

The instruction in that case complained of was as follows:

"The court further instructs you gentlemen, that if the plaintiff by the exercise of reasonable care could have seen the wire at the place where the injury is said to have taken place, was low or was dangerous to travel, or knew of the same, or with the exercise of reasonable care could have known so, and as a result was injured by the wire, then the plaintiff cannot recover, for the reason that he would be guilty of contributory negligence."

Mr. Justice McNeill, speaking for the court, said:

"This is in direct conflict with section 6, art. 23, Williams' Ann. Const. Thus defense of contributory negligence is always a question of fact for the jury and this practice of the jury should not be invaded by the court"

—and quoted with approval from the body of the opinion in Wichita Falls & N. W. Ry. Co. v. Woodman, supra, as follows:

"The court should simply define the meaning of the term "contributory negligence" as used in section 6, art. 23, Williams' Ann. Const., and leave it to the jury to say whether the plaintiff's negligence had or had not contributed to the injuries complained of."

It cannot be said that the error pointed out above in instruction No. 7 was cured by any other instruction or the instructions as

a whole. On the contrary it was accentuated. Of the instructions given, four were devoted exclusively to pointing out to the jury the care, caution, and watchfulness required of the driver of the truck under the different conditions and circumstances proven in the case to free him of the charge of negligence. One of the principal grounds upon which plaintiff relied for recovery was that the electric signal bell installed by the defendant to ring when a train came within its circuit of 1,500 feet each way, as a notice that a train was approaching, was out of order and was not ringing when the driver of the truck approached the crossing. Instruction No. 10 called attention to the signal bell and told the jury that the driver of the truck had the right to expect that the usual warning from the bell would be given to warn him of the approach of the train, and then turned it into an instruction on contributory negligence in this language:

"And this fact you may take into consideration together with all the other facts and circumstances in the case in determining whether said driver was guilty of contributory negligence as alleged by the defendant."

The sharp curve in the track which the plaintiff claimed required greater care on the part of the defendant, was pointed out in a separate instruction (8) as a reason for added precaution on the part of the driver of the truck in so approaching the track as to be able to stop short of danger. This, under some circumstances, might have been a proper instruction, but if the signal bell was not ringing, which was an issue of fact before the jury, and the driver, after stopping, looking, and listening, heard or saw nothing to indicate the approach of a train, then he had the right to go down the grade at such speed as would enable him to cross the track and make the grade on the other side, although it required such speed that he could not stop before approaching the track. Likewise the strong south wind which plaintiff claimed as a reason for additional care on the part of the defendant in approaching the crossing, by less speed or additional signals, was pointed out in a separate instruction (9) as a special reason why the driver would be required to exercise a higher degree of care to free him from negligence.

Contributory negligence being an issue in the case, the court should have told the jury in his instructions what was meant by the term "contributory negligence," and left it to the jury to say whether the plaintiff had or had not contributed to the injury complained of.

We are of the opinion that the issues were not fairly submitted to the jury, and that the case should be reversed and a new trial had.

By the Court: It is so ordered.