## MIDLAND VALLEY R. CO. v. MILLFORD.

No. 15263—Opinion Filed Oct. 14, 1924.

**1. Appeal and Error—Discretion of Trial Court—Grant of New Trial.**

This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error, the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial. Duncan v. McAlester-Choctaw Coal Co.. 27 Okla. 427, 112 Pac. 982; McGhee et al. v. Hurst et al., 91 Okla. 258, 217 Pac. 368.

**2. Same—Grant of New Trial Sustained.**

Record examined: and held, that this court is unable to say beyond any reasonable doubt that the court, in sustaining the motion for a new trial, erred materially with respect to some pure, simple, and unmixed question of law; and held, that the judgment sustaining the motion for a new trial should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error form District Court, Muskogee County; O. H. Searcy, Judge.

Action by Harry R. Millford, against the Midland Valley Railroad Company, a corporation. Judgment for defendant, and motion for a new trial filed by plaintiff, and the motion sustained. Defendant appeals. Affirmed.

O. E. Swan, for plaintiff in error.

Neff & Neff and Harry G. Davis, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the defendant below. and the defendant in error was the plaintiff. The parties will be referred to herein as plaintiff and defendant as they appeared in the trial court.

The plaintiff brought suit against the defendant for personal injury alleged to have occurred on the defendant's railroad at a roailroad crossing because of negligence and carelessness of defendant's employes in operating one of its trains. The defendant answered plaintiff's petition by denial and

plea of contributory negligence, which was replied to by general denial, putting in issue the question of contributory negligence.

The case was tried to a jury, resulting in a verdict for the defendant. The plaintiff filed a motion for a new trial, based upon the following grounds: (1) The verdict is contrary to the law; and (2) because of errors of law occurring during the course of the trial, excepted to by the plaintiff. The motion for a new trial was sustained. The defendant prosecutes appeal. from the order and judgment of the district court granting the plaintiff a new trial, and assigns as error that the trial court erred in sustaining the motion for a new trial.

In McGhee et al. v. Hurst et al., 91 Okla. 258, 217 Pac. 368, this court held that:

"Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them.

"This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple. and unmixed question of law, and that except for such error. the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial. Duncan v\ McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982.

"As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court. the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal."

There are no authorities to the contrary in this state.

We have carefully read the briefs of the parties. and have examined the record brought up on appeal, and we are not prepared to say that beyond all reasonable doubt the trial court, in sustaining the plaintiff's motion for a new trial, "manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error, the rul-

ing of the trial court would not have been so made." The trial judge had a vastly better opportunity to know whether the parties had had a fair trial than this court could have from any examination of the record which can now be made. Upon consideration of the motion for an new trial, the judge, in effect, said:

"Inasmuch as the undisputed testimony was that plaintiff was a guest in the truck in question, and had no control over the same, or over the driver, the instructions, considered as a whole, placed undue prominence on the duty of the plaintiff as a passenger or guest on the truck, and that he felt that under all the facts and circumstances in the case plaintiff had been prejudiced by the instructions given to the jury by the court as to the duty of the plaintiff, and that for that reason the motion for a new trial would be sustained."

Just what the learned judge meant by the language "under all the facts and circumstances in the case," we are unable to determine. But, whatever "the facts and circumstances in the case" were, the trial judge regarded them as sufficiently weighty to warrant granting a new trial. The court said, in McGhee v. Hurst. supra, that:

"It might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them."

We are not prepared to say that beyond all reasonable doubt the "facts and circumstances in the case" had in mind by the trial judge did not justify setting aside the verdict and granting the plaintiff-a new trial.

In addition to the general reasons given by the trial judge for granting a new trial, it might be well to point out that at least one of the instructions given was very near the danger line, if not actually erroneous. It is instruction number nine. It was given at the request of the defendant, and over the objection and exception of the plaintiff. It is as follows:

"Instruction No. 9. You are instructed that it was the duty of the plaintiff to take notice of the fact that engines and cars are liable to pass along the track of the defendant at any time, and before crossing said track it was his duty to make ordinary use of his senses of sight and hearing when about to cross or go upon the track of said defendant to ascertain if there was a present danger in going upon said track; and if he failed to use ordinary care, and if by the use of ordinary care he could have discovered the train in time to have avoided a collision, then he cannot recover."

This instruction is not so objectionable as instruction number seven given in Mascho v. Hines, etc., 91 Okla. 295, 217 Pac. 856, and which the learned Commissioner who wrote the opinion thought was so erroneous as to justify a reversal of the judgment, yet, in some respects, it is very similar to the instruction there given. In instruction number nine the court detailed the things necessary to be done by the plaintiff to amount to ordinary care, and then, in effect, told the jury that if he failed to do those things, such failure would amount to contributory negligence which would bar recovery. It is at all times the province of the jury to determine the question of contributory negligence of the plaintiff, and when the court has informed the jury what, as a matter of law, constitutes contributory negligence, it should then be left to the jury to determine from all the facts and circumstances shown in the case, whether the plaintiff has been contributorily negligent. If the court had plainly told the jury, after enumerating the duties of the plaintiff for his own safety, that "and it is for you to say from the facts and circumstances proved in the case, whether the plaintiff has exercised ordinary care, as measured by these instructions," there could be little or no cause for complaint about the instruction. It is never safe for the trial judge to detail the duties of a plaintiff to escape contributory negligence, and then advise the jury that the failure to perform such duties would amount to contributory negligence which would bar recovery, or to say that the failure to perform the duties enumerated would bar recovery. Such statements come dangerously near eliminating contributory negligence as a question of fact for the jury, just as was pointed out in the Mascho v. Hines Case, supra, where the court said:

"In pointing out in this instruction what particular precautions were necessary to free the driver of the truck from contributory negligence before the plaintiff could recover, the court was invading the province of the jury and depriving the plaintiff of a constitutional right."

There is another vice in this instruction. The plaintiff had alleged in his petition, in effect, that the defendant's employes had discovered the dangerous position of the plaintiff in time to have prevented the injury, but made no effort to do so. This seems to have been one of the theories on which the plaintiff relied. The rule seems to be well established that although a party may fail to exercise ordinary care in going upon a railroad track, yet the operatives on the train are required to avoid doing an injury if they discover the perilous position of the party in time to prevent injury. This has become the humanitarian rule. Under instruction number nine, as given, the plaintiff could not recover, no difference how much the employes operating the train might have violated this rule. The effect was to tell the jury that if the plaintiff failed to look and listen for the train before going upon the track, he could not recover, even though the defendant's employes discovered his perilous position in time to have prevented injuring him.

The trial court, in ordering a new trial for plaintiff, seemed to think that the instructions unduly stressed the question of contributory negligence. We are not able to say with certainty that the judge was in error about the matter. Under the authority of McGhee v. Hurst, supra, we recommend that the order and judgment granting the plaintiff a new trial be affirmed.

By the Court: It is so ordered.