STATE, RESPONDENT, *v.* LARSON, APPELLANT.

(No. 5,825.)

(Submitted January 11, 1926. Decided January 28, 1926.)

[243 Pac. 566.]

*Criminal Law — Burglary — Evidence — Sufficiency — Instructions — Inapplicability — Proper Refusal — Information — Presentment by Deputy County Attorney in Own Name not Prejudicial Error.*

Criminal Law—Deputy County Attorney may Present Information in Own Name.
1. A deputy county attorney may present an information in his own name; hence the fact that an information was signed by him instead of by the county attorney did not render it invalid; at most his act, while perhaps improper from an ethical standpoint, was no more than an irregularity which could not affect appellant's substantial rights and was therefore insufficient to warrant reversal of the judgment under section 11853, Revised Codes of 1921.

Same—Burglary—Evidence—Sufficiency.
2. Evidence in a prosecution for burglary committed by entering a barn the opening into which was guarded by a canvas curtain instead of by a door, for the purpose of stealing parts of an automobile, examined and *held* sufficient to show an entry with intent to commit larceny.

---

2. Breaking and entry as elements of burglary and evidence to support, see notes in 2 Am. St. Rep. 383; 139 Am. St. Rep. 1046.

Opening screen door or window as burglary, see note in 15 Ann. Cas. 932.

Opening farther door or window partly open as burglary, see notes in 15 Ann. Cas. 929; Ann. Cas. 1916C, 320.

[75 Mont. 274.]

Same—Instructions—When Refusal not Error.
   3.  Refusal of an offered instruction covered by other paragraphs of the charge is not error.
Same—Burglary—Felonious Entry—Refusal of Instruction as Inapplicable Held Proper.
   4.  An instruction must be applicable to the case made by the evidence; therefore where defendant charged with burglary denied that he had entered the building in question at all, and the state's case tended to show a felonious entry, an instruction that if defendant's intent at the time of entry was under the belief that he had a right to enter and obtain property therein to which he had a right, the verdict should be not guilty, was properly refused as not applicable.

   [1] Indictments and Informations, 31 C. J., sec. 132, p. 625, n. 57; sec. 160, p. 644, n. 18.
   [2] Burglary, 9 C. J., sec. 138, p. 1079, n. 53, 55; p. 1080, n. 58.
   [3] Burglary, 9 C. J., sec. 151, p. 1088, n. 28.   Criminal Law, 16 C. J., sec. 2506, p. 1063, n. 85.
   [4] Burglary, 9 C. J., sec. 151, p. 1087, n. 26; p. 1088, n. 29.   Criminal Law, 16 C. J., sec. 2485, p. 1043, n. 35; p. 1045, n. 39.

   *Appeal from District Court, Roosevelt County; S. E. Paul, Judge.*

   MIKE LARSON was convicted of burglary and appeals from the judgment and the order denying him a new trial.   Affirmed.

   *Mr. George E. Ericson,* for Appellant, submitted a brief.

   *Mr. L. A. Foot,* Attorney General, *Mr. A. H. Angstman,* Assistant Attorney General, and *Mr. Hugh N. Marron,* County Attorney of Roosevelt County, submitted a brief; *Mr. Marron* argued the cause orally.

   MR. JUSTICE HOLLOWAY delivered the opinion of the court.

   The information herein recites that "Mike Larson is accused by the deputy county attorney of Roosevelt county, Montana, by this information of the crime of burglary," *etc.,* and it is signed, "Erick Moum, Deputy County Attorney of Roosevelt County."   Defendant was convicted, and has ap-

pealed from the judgment and from an order denying him a new trial.

1. It is insisted that the deputy county attorney did not [1] have authority to present an information in his own name, that he could act officially only in the name of his principal, and that the information in question is ineffectual for any purpose. The propriety of the deputy's action might be subject to criticism from the standpoint of the ethics of his profession, but his authority so to act is hardly open to question from a legal standpoint.

Section 418, Revised Codes of 1921, provides: *"Powers of Deputies.*—In all cases not otherwise provided for, each deputy possesses the powers and may perform the duties attached by law to the office of his principal."

In section 570, Mechem's Public Offices and Officers, it is said: "Where a public officer is authorized to appoint a deputy, the authority of that deputy, unless otherwise limited, is commensurate with that of the officer himself, and, in the absence of any showing to the contrary, it will be presumed. Such a deputy is himself a public officer, known and recognized as such by law. Any act, therefore, which the officer himself might do, his general deputy may do also." (See, also, *State* v. *Crouch,* 70 Mont. 551, 227 Pac. 818; *State* v. *Riddell,* 33 Wash. 324, 74 Pac. 477; *Canada* v. *Territory,* 12 Okl. 409, 72 Pac. 375.)

At most, the act of the deputy was a mere irregularity (*State* v. *Wilkins,* 118 Kan. 160, 234 Pac. 45), which could not affect any substantial right of the defendant, and section 11853, Revised Codes, declares: "No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits."

2. It is insisted that the evidence does not sustain the ver-
[2]  dict, and it is true that there is not any direct evidence
of defendant's guilt; but the state's case does disclose that
between ˙December 2 and December 7, 1923, an automobile
tire—rim, casing and inner tube—and three chains were stolen
from a car belonging to the prosecuting witness. Thorvald
Johnson; that at the time Johnson discovered that his prop-
erty had been taken he also discovered on the ground near
his car a letter addressed to the defendant. He procured a
search-warrant to be issued, and accompanied the deputy sheriff
in searching the defendant's premises, where the stolen prop-
erty, except the rim, was found. Johnson identified positively
the casing, inner tube and one chain, and advanced a plausible
reason for his identification. At the time the articles were
taken they were on Johnson's automobile, and the tire, used
as an extra, was fastened to the rear of the car by a clamp,
and the car was in a building, a portion of which was used
as a garage. The opening into the building was without a
door shutter, but in lieu thereof a canvas curtain was attached
above the doorway and extended nearly to the ground, cover-
ing the opening to such extent that a person could not enter
the building without raising the curtain or moving it to one
side. The letter addressed to the defendant was found in-
side the building and immediately behind the car, and the
clamp which held the tire had been twisted to one side.

Section 11346, Revised Codes, defines burglary as follows:
"Every person who enters any house, room, apartment,
tenement, shop, warehouse, store, mill, barn, stable, outhouse,
or other building, tent, vessel, railroad car, with intent to
commit grand or petit larceny or any felony, is guilty of
burglary," and section 11349 declares: "The word 'enter,' as
used in this chapter, includes the entrance of the offender into
such house, room, apartment, tenement, shop, warehouse, stable,
outhouse, or other building, tent, vessel, or railroad car, or
the insertion therein of any part of his body, or of any instru-

ment or weapon held in his hand, or used or intended to be used, to threaten or intimidate the inmates, or to detach or remove the property.''

It is idle to argue that the circumstances disclosed by the evidence do not warrant a finding that defendant entered the building with the intention to commit larceny.

3. Error is predicated upon the refusal of the trial court [3] to give defendant's offered instructions 3 and 4. As 4 includes everything in 3 as well as other matters, it alone will be copied. It follows: ''I further charge you, gentlemen of the jury, that before you can find the defendant guilty the state must establish by competent evidence to your satisfaction, beyond a reasonable doubt, every essential element of the crime of burglary, as that crime is defined in these instructions. One of the essential elements of the crime of burglary as charged in the information is that the defendant not only entered the barn, but that his entry, if any, was with intent to steal something. If, therefore, the defendant's intent at the time of entering the barn, if he did enter, was not to steal, but under the belief that he had a right to enter and obtain some property to which he had a right, or if you have any reasonable doubt as to what his intent was, then it is your duty to find the defendant not guilty.''

The first portion of this instruction was covered fully by other instructions given by the court.

The court also instructed the jury to acquit the defendant unless it appeared from the evidence beyond a reasonable doubt that (1) he entered the building (2) ''with the particular intent at the time to commit the crime of larceny.''

The tendered instruction assumes that the defendant may have entered the building, but without any criminal intent, [4] It is elementary that the instructions must be applicable to the case made by the evidence (*Territory* v. *Rowand,* 8 Mont. 110, 19 Pac. 595; *State* v. *Trosper,* 41 Mont. 442, 109 Pac. 858; *State* v. *Smith,* 57 Mont. 563, 190 Pac. 107), and since the

state's evidence tended to prove an entry with a criminal intent, and since defendant denied that he entered the building at all, the latter portion of the proposed instruction was altogether inapplicable, and the instruction itself was refused properly.

No error appearing, the judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.