## MARKHAM v. REYNOLDS et al.

No. 17942. Opinion Filed Feb. 7, 1928.

(Syllabus.)

**Appeal and Error—Review—Discretion of Court in Granting New Trial.**

Where it cannot be said that the evidence impelled the verdict for plaintiff as a matter of law, and that there were no errors of law committed by the court, the sustaining, without giving the grounds therefor, of defendant's motion for new trial, where grounds both of insufficiency of the evidence and errors of law in the refusal of requested instructions are relied upon, cannot be disturbed on appeal.

Error from District Court, Washington County; J. R. Charlton, Judge.

Action by E. B. Markham against W. D. Reynolds et al. on contract. Judgment for plaintiff, and from order sustaining motion for a new trial, plaintiff appeals. Affirmed.

Norman Barker, for plaintiff in error.

Rowland & Talbott, for defendants in error.

RILEY, J. This is an appeal from an order sustaining a motion and granting a new trial. Markham, as plaintiff below, sued Reynolds and John G. Phillips individually and as partners dealing in oil and gas leases, and based his action on an alleged verbal contract for his personal services in securing leases in Kansas. There is no dispute but that Markham entered the employ of Reynolds about January 8, 1924, and that his services were discontinued about May 3, 1924; that he received a salary of $250 and expenses. The dispute occurs as to whether plaintiff was to share in the profits made upon leases bought and sold. Here there is a sharp conflict in the testimony. The jury rendered its verdict for plaintiff. The court granted a new trial.

In addition to the insufficiency of testimony to support the verdict rendered, it is urged that the trial court erred in questions of law, particularly as to its refusal to give certain instructions requested.

Considerable discretion is vested in the trial court in considering motions for new trial, and on appeal from the judgment granting a new trial, this court will not reverse the ruling of the trial court, unless it can be seen that the trial court manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error, the ruling of the trial court would not have been so made. Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982; Midland Valley Ry. Co. v. Millford, 103 Okla. 266, 229 Pac. 799; Taylor v. Monday, 104 Okla. 241, 231 Pac. 75.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 830, §2813.