## CONSERVATIVE LOAN CO. v. SAULSBURY et al.

No. 10691—Opinion Filed July 29, 1919.

(Syllabus by the Court.)

1. **Appeal and Error—New Trial—Reversal of Order Granting.**

The discretion of the trial court in granting a new trial is so broad, that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law.

2. **Same—Frivolous Appeal—Dismissal.**

Where an appeal is manifestly and palpably frivolous, it will be dismissed in this court upon proper motion filed and showing made to the court.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by Carrie Saulsbury and Fred Saulsbury against the Conservative Loan Company. From an order vacating and setting aside a verdict for defendant and granting a new trial, defendant brings error. Dismissed.

Stanard, Wahl & Ennis and Furry & Motter, for plaintiff in error.

Neff & Neff, for defendants in error.

PER CURIAM. This action was brought by Carrie Saulsbury and Fred Saulsbury, hereinafter styled the plaintiffs. against the Conservative Loan Company, hereinafter styled the defendant. to recover alleged usurious interest, which plaintiffs claimed was charged and collected by the defendant for a loan made by defendant to plaintiffs on or about the 20th day of

January, 1916. The jury returned a verdict in favor of defendant. Within proper time plaintiffs filed a motion to vacate and set aside the verdict of the jury, and to grant a new trial, setting up a number of grounds therefor, viz: irregularity in the proceedings of the jury by which the plaintiffs were prevented from having a fair trial; misconduct of the jury; the verdict is not sustained by sufficient evidence; the verdict is contrary to the evidence; the verdict is contrary to law and contrary to the instructions in the case; errors of law occurring at the trial and excepted to by the plaintiffs; error in refusing to direct a verdict for the plaintiffs; error in denying the challenge for cause of the juror T. S. Ritchie, so that plaintiffs were forced to retain objectionable jurors after exhaustion of peremptory challenges; the juror W. T. Cohenour had at the time a loan from the defendant, which fact affected his verdict and was not disclosed by him until after the trial but was not known to the plaintiffs.

On page 197 of the case-made we find the following excerpt from the journal entry of the trial court:

"It is further ordered by the court that the motion filed herein by plaintiffs for a new trial be and the same is hereby granted, and it is therefore ordered that the verdict rendered thereon be and the same is hereby vacated and set aside and a new trial granted herein."

Defendant in this court raises three assignments of error as follows: (1) Said court erred in sustaining the motion for a new trial filed by the defendants in error; (2) said court erred in vacating and setting aside the verdict of the jury and the judgment rendered thereon; (3) said court erred in refusing to hold as a matter of law on the undisputed evidence that the plaintiff in error was entitled to judgment against the defendants in error. Since all three assignments raise practically the same questions of law, they will be treated together.

To the appeal plaintiffs have filed a motion to dismiss, to which defendant has filed its answer brief and argument.

A casual examination of the order setting aside the verdict of the jury and granting a new trial discloses the fact that the court gave no specific reason for his judgment in the matter. Beginning with the early opinions of the Oklahoma Territory Supreme Court, it has been held in an unbroken line of decisions that in the matter of granting a new trial the discretion of the trial court is very wide; indeed, that it is so extensive that its action in doing so will not be set aside on appeal unless it clearly appears that in granting the new trial it has taken an erroneous view of some pure and unmixed question of law, and that this erroneous view resulted in the order. Since statehood this rule has been followed in a multitude of decisions. In Hughes v. C., R. I. & Pac. R. Co., 35 Okla. 482, 130 Pac. 591, the court held as follows:

"Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood."

This case is cited and followed by this court in St. Louis & San Francisco R. Co. v. Wooten, 37 Okla. 44, 132 Pac. 479, wherein after citing in support of the doctrine many other decisions of this court, the opinion states:

"Some criticism has been made as to the extent to which this doctrine has been carried; but to a man who has been a student of, and observed trials, it needs no defense. No appellate court, be it ever so wise or experienced, can get as correct an idea from a cold mute record of a court proceeding as to whether or not a losing litigant has had a reasonably fair trial, and as to whether or not justice has prevailed, as can the trial judge who conducts the proceedings, sees and hears the parties, the witnesses, their manner of testifying, and what they say and how they look and act while saying it. To the trial judge the human element of the case appears; the personal equation enters in. As was well said by Chief Justice Dunn in Hogan et al. v. Bailey, 27 Okla. 15, 110 Pac. 890:

"'The trial court has a higher function under our jurisprudence than to act merely as a moderator or umpire between contending adversaries before a jury. Not only is it charged with the duty of seeing that the course and conduct of the trial gives to each of the litigants a fair opportunity to present his cause and to have the facts weighed in the light of proper instructions declaring the law relative thereto, but it is the imperative, abiding duty of the court after the jury has returned its verdict and awarded to one or the other success in the controversy, where the justness of the same is challenged as in this case, to carefully weigh the entire matter, and, unless it is satisfied that the verdict 's responsive to the demands of justice,

to set the verdict aside and grant a new trial. Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand.' "

To the same effect is the decision in Shawnee Mutual Fire Ins. Co. v. School Board, 44 Okla. 3, 143 Pac. 194, wherein the court stated:

"It will be observed that a very different rule obtains in construing the action of the court in granting a new trial from that invoked where a new trial is refused. Where a new trial is granted, the rights of the parties are not finally adjudicated. They still have a right to go fully into the matter before the court or jury. The winning party may again prevail, and, should he lose, he can then bring his case here for a further review; but, where a motion for a new trial is denied, the rights of the parties are forever settled, so far as the trial court is concerned, and, if any relief is to be granted, it must be granted here or not at all; therefore, when a motion for a new trial is denied, this court will examine the record with care, scrutinizing the evidence, where necessary and proper to determine whether or not the plaintiff in error has been denied any substantial right, or whether or not there has been error committed to his substantial prejudice. Not so where the motion is sustained. Unless it is clearly shown that the court erred upon some unmixed question of law the action of the court will not be disturbed. Trower v. Roberts, 17 Okla. 644, 645, 89 Pac. 1113; Ten Cate v. Sharp, 8 Okla. 306, 57 Pac. 645.''

Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982; Sharp v. Choctaw Ry. & Lighting Co., 34 Okla. 730, 126 Pac. 1025 and cases cited; Cunningham v. Cromley, 54 Okla. 266, 153 Pac. 860; Brown v. Goulding, 55 Okla. 320; Pinkston et al. v. Marlow, 58 Okla. 280, 159 Pac. 488; and M., K. & T. R. Co. v. James, 61 Oklahoma, 159 Pac. 1109. In view of the above statements of law, and of the fact that we do not know upon what grounds the court based its judgment in vacating the verdict and granting a new trial, we cannot say it abused its discretion, or that it manifestly and materially erred with respect to some pure, simple, and unmixed questions of law in ordering a new trial.

The law on the subject is so well established that defendant has been unable to cite a single pertinent case in favor of its contention. In their brief counsel quote at length from James v. Coleman, 64 Oklahoma, 166 Pac. 210, but a careful examination of that case discloses that it does not support their principal contention; on

the contrary, in that case the judgment of the trial court granting a new trial was affirmed. An appellate court has the inherent power to dismiss an appeal where upon an examination of the record, the petition, the answer and the motion to dismiss, it appears the appeal is manifestly and palpably frivolous and without merit. This power is necessary in order to prevent the court from being imposed upon, and the administration of justice being trifled with and perverted for mere purpose of delay. Kirkland v. Trezevant, 38 Okla. 445, 134 Pac. 1198; Skirvin v. Goldstein, 40 Okla. 315, 137 Pac. 1177; Myers v. Hunt, 45 Okla. 140, 145 Pac. 328; Dean v. Storm, 47 Okla. 358, 148 Pac. 732; Hollister v. Kory, 47 Okla. 568, 149 Pac. 1136; Greenlees et al. v. Beckett, 49 Okla. 135, 152 Pac. 349; Culbertson et al. v. Walton Trust Co. et al., 49 Okla. 103, 152 Pac. 355.

The appeal is therefore dismissed.