## RICHARDS v. CLAXTON.

No. 11246—Opinion Filed Aug. 31, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Discretion of Trial Court—Grant of New Trial.**

The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law.

**2. Appeal and Error—Frivolous Appeals—Dismissal.**

Where an appeal is manifestly without merit and palpably frivolous, it will be dismissed in this court upon the proper motion filed and showing made to the court.

Error from District Court, Muskogee County; B. B. Wheeler, Judge.

Action by James J. Claxton against Eastman Richards for damages. Judgment for plaintiff for less than sued for, and from an order granting him a new trial, defendant brings error. Dismissed.

S. M. Rutherford, for plaintiff in error.

Neff & Neff, and Harry G. Davis, for defendant in error.

BAILEY, J. This action was begun in the district court of Muskogee county by James J. Claxton to recover of Eastman Richards, plaintiff in error here, the sum of $150,000, alleging that said defendant in error was entitled to recover such sum of plaintiff in error by reason of the wrongful and unlawful acts of plaintiff in error whereby said plaintiff in error wrongfully and unlawfully destroyed and alienated the love and affection of defendant in error's wife, causing said defendant in error to suffer great anguish of mind, and depriving him of the society and companionship of his wife.

The case was tried to a jury in the district court of Muskogee county, resulting in a verdict in favor of defendant in error in the sum of $2,000; thereafter in due time motion for a new trial was filed by defendant in error, said motion setting up the following grounds, to wit:

"(1) Irregularity in the proceedings of the defendant by which the plaintiff was prevented from having a fair trial.

"(2) Misconduct of the defendant.

"(3) Error in the assessment of the amount of recovery, the damages allowed being too small.

"(4) The verdict is contrary to law.

"(5) Errors of law occurring at the trial an excepted to by the plaintiff.

"(6) Error in overruling the challenge for cause interposed by the plaintiff to the juror M. Board.

"(7) Error in admitting incompetent evidence over the objection of the plaintiff.

"(8) Error in admitting unsworn declarations made out of court of a person not a party to the cause and not competent to testify in the case.

"(9) Error in excluding evidence offered by the plaintiff.

"(10) Error in excluding evidence of immoral relations between the defendant and white girls.

"(11) Numerous other errors in admitting evidence offered by the defendant and excluding evidence offered by the plaintiff."

After hearing such motion, the following order appears:

"Plaintiff's motion for a new trial. Motion heard and granted, defendant excepts and in open court gives notice of appeal to the Supreme Court of this state, and for cause shown, defendant is given 90 days within which to prepare and serve case-made; plaintiff given 20 days thereafter to suggest amendments, the same to be settled and signed on five days' notice in writing by either party. No bond required."

The only assignment of error presented by plaintiff in error is:

"That the court erred in sustaining the motion of defendant in error, plaintiff below, in granting a new trial."

It will be noted that the order setting aside the verdict of the jury and granting a new trial assigns no specific reason for the judgment and action of the court. This court has frequently held that the action of the trial court in granting a new trial will not be disturbed on appeal "unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law and that the order granting a new trial is based upon such erroneous view of the law." It readily appears from the record in this case and under the assignments hereinabove quoted that this court cannot say that the trial court in sustaining the motion for a new trial committed error upon some pure and unmixed question not involving a consideration of facts.

This court, in Conservative Loan Company v. Saulsbury et al., 75 Okla. 194, 182 Pac. 685, where numerous authorities of this court are reviewed and cited, said:

"It has been held in an unbroken line of decisions that in the matter of granting a new trial the discretion of the trial court is very wide; indeed, that it is so extensive that its action in doing so will not be set aside on appeal unless it clearly appears that in granting the new trial it has taken an erroneous view of some pure and unmixed question of law, and that this erroneous view resulted in the order."

Plaintiff in error cites, in his response to the motion to dismiss, section 5034, Rev. Laws 1910, which provides:

"A new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation."

There is nothing in the record before us, however, to suggest or indicate that the trial court sustained the motion for a new trial upon such grounds, and under the holdings of this court as presented in the authorities collected in Conservative Loan Co. v. Saulsbury, supra, we feel that we are justified in holding that the appeal in this case is manifestly without merit.

The appeal is therefore dismissed.

RAINEY, C. J., and KANE, PITCHFORD, JOHNSON, McNEILL, and HIGGINS, JJ., concur.