## DODGE et al. v. BISHOP.

No. 10722—Opinion Filed June 27, 1922.

(Syllabus.)

**Appeal and Error—Review—Order Granting New Trial.**

Where the trial court grants the application of one of the parties for a new trial,

on appeal from said order, where the record discloses that the order was granted upon consideration of the facts, and the appeal does not involve a pure and unmixed question of law, the order will not be disturbed on appeal.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by Maggie L. Bishop, doing business as the Bishop Jewelry Company, against Thomas F. Dodge and another. Judgment for defendants, and from order granting plaintiff a new trial defendants bring error. Affirmed.

W. J. Barnard, for plaintiffs in error.

Jno. Q. Adams and Richard H. Wills, for defendant in error.

McNEILL, J. This action was commenced in the district court of Rogers county by Maggie L. Bishop, doing business as the Bishop Jewelry Company, against Thomas F. Dodge and W. J. Barnard to recover a judgment against Dodge for the sum of $953 and to set aside a conveyance from Dodge to Barnard to a certain tract of land situated in Rogers county, and praying that the property be sold to satisfy said judgment. Plaintiff filed an amendment to the petition, alleging it had a judgment for said amount in the state of Michigan and the foundation of the judgment was the balance due for the purchase price of the land conveyed to Barnard, and by reason thereof plaintiff had a first and prior lien upon the land for the purchase price, and the conveyance to Barnard was with full knowledge of said fact.

The defendants filed an answer, and the cause was tried to the court without a jury, and the court made findings of fact and conclusions of law, and denied the plaintiff any relief and dismissed plaintiff's petition. Plaintiff filed a motion for new trial, which was granted. It was suggested to the court by both parties at the time that the case might be again submitted to the court upon the same evidence, but the court advised counsel that he would not do so, unless the evidence was transcribed, so that he might reconsider the same and read it. From the motion granting a new trial, the defendants have appealed. The plaintiffs in error attempt to argue this question upon the law as to the merits of the case and as to the findings of fact the trial court made. This cannot be considered at this time.

This court in a long line of cases has announced the following rule:

"Where the trial court grants the application of one of the parties for a new trial,

and, on appeal from the order, it is not shown by the record that, in granting such application, the court erred upon some pure and unmixed question of law not involving a consideration of the facts, the action of the trial court will not be disturbed." Everly v. Northcutt, 74 Oklahoma, 176 Pac. 921; Conservative Loan Co. v. Saulsbury. 75 Okla, 194, 182 Pac. 685; Richards v. Claxton, 79 Okla. 133, 192 Pac. 199; Todd v. Orr, 44 Okla. 459. 145 Pac. 393.

The record in this case discloses that the court granted the new trial, not upon a question of law, but because the court was not sufficiently advised regarding findings of the facts. This leaves no question to be reviewed by this court, as the court has set his findings of fact aside and there were no facts found for this court to apply the law to.

The judgment of the trial court is therefore affirmed.

HARRISON, C. J., and ELTING, KENNAMER, and NICHOLSON, JJ., concur.