### TAYLOR et al. v. MONDAY et al.

No: 13450—Opinion Filed Nov. 25, 1924.

1. **Appeal and Error—Discretion of Lower Court—Grant of New Trial.**

In the matter of granting a new trial, the discretion of the trial court is very broad, and its order, granting a new trial, will not be disturbed or set aside on appeal, unless it clearly appears that, in granting the new trial, the trial court took an erroneous view of some pure and unmixed question of law, and that this erroneous view resulted in the order.

2. **Adverse Possession—Title by Prescription.**

In order for one to acquire title to real estate by prescription he must have the adverse possession thereof which must be open, visible, continuous, and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Nannie Monday et al. against Cecil Taylor et al. Judgment for defendants, and from an order sustaining motion for new trial defendants appeal. Affirmed.

James J. Marrs, for plaintiffs in error.

Mosier, Bohannon & Mosier, for defendant in error Nancy Robinson.

George Miller, Jr., and Crump, White & Seawall, for defendants in error except Nancy Robinson.

Opinion by JARMAN, C. This was an action in the district court of Creek county

by Nannie Monday and others against John E. Hall and others to recover possession of and to quiet title to certain lands, comprising the surplus portion of the allotment of Abraham McIntosh, a duly enrolled Creek Indian of the half-blood, who died intestate in April, 1909.

Upon the conclusion of the evidence, the court entered its decree, adjudging the defendant Hall to be the owner in fee simple of said land, and quieted title thereto. Thereafter, the plaintiffs filed a motion for a new trial on the ground of newly discovered evidence, which motion was sustained and judgment entered awarding the plaintiffs a new trial of said cause on the ground of newly discovered evidence, from which judgment and order of the court the defendants bring error.

The first proposition urged by defendants is that the newly discovered evidence, referred to in the motion for a new trial, does not meet the following essential requirements:

"(1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence."

If the motion of the plaintiffs for a new trial on the ground of newly discovered evidence had been denied, the holding of the court would not be disturbed unless the requirements above enumerated were met by the newly discovered evidence; however this rule does not obtain where the court, in the exercise of its sound discretion, grants a new trial in the furtherance of justice. At the time the court entered its order granting the plaintiffs a new trial he used the following language:

"I never was satisfied with the trial of the case nor the decision."

And, under the circumstances, the trial court was justified in granting a new trial, in keeping with the rule, stated by the court in the case of Hughes v. C. R. I. & P. Ry. Co., 35 Okla. 482, 130 Pac. 591:

"* * * New trial ought to be granted whenever, in the opinion of the trial court, the party asking for a new trial has not probably had a reasonably fair trial and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such

new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them."

The discretion of the trial court in granting a new trial is very broad, and this court will not interfere with nor disturb the action of the trial court in granting a new trial unless it is readily apparent from the record that the court, in sustaining the motion for a new trial, committed error upon some pure and unmixed question not involving a consideration of facts. In this case, no such showing has been made. In commenting on this question, this court, in the case of Conservative Loan Co. v. Saulsbury, 75 Okla. 194, 182 Pac. 685, at page 686, used the following language:

"* * * It has been held in an unbroken line of decisions that in the matter of granting a new trial the discretion of the trial court is very wide; indeed, that it is so extensive that its action in doing so will not be set aside on appeal unless it clearly appears that in granting the new trial it has taken an erroneous view of some pure and unmixed question of law, and that this erroneous view resulted in the order. Since statehood this rule has been followed in a multitude of decisions." Richards v. Claxton, 79 Okla. 133, 192 Pac. 199; Dodge v. Bishop, 86 Okla. 264, 207 Pac. 968.

Under the foregoing rule, the judgment of the trial court in this case, in granting a new trial on the ground of newly discovered evidence, should not be disturbed on appeal.

The next proposition, urged by the defendants, is that the court erred in sustaining the motion for a new trial for the reason that plaintiffs' cause of action was barred by the statute of limitations. To dispose of this proposition, it is necessary to review the record, which shows that on January 7, 1903, the defendant Hall moved on this land under a rental contract from one Clark; upon learning that Clark did not own the land, Hall went to the register of deed's office to ascertain who owned it, and the records there failed to disclose the owner, and, in the early fall of 1904, Hall learned that this land belonged to Abraham McIntosh, the allottee, but he did not rent it from McIntosh, and he continued to use the land for grazing purposes and made some improvements thereon, such as fencing, and continued to use and occupy the same in this manner until after statehood, and up to the time he acquired a deed to said land from Whitehead on December 31, 1907, and this was the first time that Hall claimed ownership of said premises or asserted any claim thereto adverse to the title of Abraham McIntosh, so as to set in motion the statute of limitations, which would be that of the state of Oklahoma, a period of 15 years, which had not run at the time this suit was begun.

The uniform rule, adhered to in this jurisdiction on the question of adverse possession, is as follows:

"A possession, to be adverse, must be open, visible, continuous and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants." Wade v. Crouch, 14 Okla. 593, 78 Pac. 91; Flesher v Callahan, 32 Okla. 283, 122 Pac. 489; Westbrook v. Rhoades, 92 Okla. 149, 218 Pac. 873.

The judgment of the trial court granting a new trial is affirmed.

By the Court: It is so ordered.