## BLACK v. BELL.

No. 17129.   Opinion Filed Nov. 1, 1927.

Rehearing Denied Nov. 29, 1927.

Corrected and Refiled Dec. 8, 1927.

(Syllabus.)

### Appeal and Error—Discretion of Trial Court in Granting New Trial for Newly Discovered Evidence.

Trial courts have a wide discretion in granting or refusing new trials, and where the trial court, in the exercise of such discretion, grants a new trial on the ground of newly discovered evidence, the same will not be reversed on appeal unless there was a clear abuse of such discretion.

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Oliver G. Black against R. R. Bell to recover proceeds from sale of oil and gas leases. Judgment for plaintiff. A new trial was granted on application of defendant on the ground of newly discovered evidence. From the order granting a new trial, plaintiff appeals. Affirmed.

Warren K. Snyder, for plaintiff in error.

Ledbetter, Stuart, Bell & Ledbetter, for defendant in error.

HERR, C. The parties appear in this court as they did in the trial court; that is, plaintiff in error was plaintiff below and defendant in error, defendant. They will be so referred to in this opinion.

This controversy grows out of the division of proceeds arising from the sale of oil and gas leases in which the defendant and plaintiff were jointly interested. These leases consisted of two tracts, one of 40 acres and the other of 160 acres. They were procured by the plaintiff from the owners, plaintiff contending that he paid therefor the sum of $4,000 and that the defendant had one-eighth interest therein.

It is the contention of the defendant that when the leases were procured plaintiff represented to him that the purchase price thereof was the sum of $4,000, and that on this basis defendant was to contribute the sum of $500, and was to have one-eighth interest therein. Defendant further contends that

in truth and fact the plaintiff paid for the said leases only the sum of $2,400, and that such fact was not discovered by him until after the leases in question were sold, and further contends that, having advanced the sum of $500 for one-eighth interest on the theory that the purchase price thereof was the sum of $4,000, and the purchase price thereof, as contended by him, having been only $2,400 he was therefore entitled to a five-twenty-fourth interest therein.

These leases were sold by plaintiff to the Skelly Oil Company, the purchase price thereof being paid to the defendant for distribution to the other parties in interest as their interest appeared.

It is contended and alleged by plaintiff that in making such distribution the defendant retained a five-twenty-fourth interest therein instead of a one-eighth interest, making a difference in defendant's favor of $698.01, for which amount plaintiff claimed and was awarded judgment against defendant at the trial.

Defendant filed, within the statutory period, a motion for a new trial in which, together with other grounds, was included the one of newly discovered evidence. The court sustained the motion as to the ground of newly discovered evidence and overruled the same as to the other grounds therein stated. To reverse this order, the plaintiff appeals to this court.

It appeared at the trial that one Clifton M. Keeler, a geologist, was to be carried for a one-eighth interest in and to the said leases. A memorandum of agreement between the said geologist, Keeler, and the plaintiff was introduced in evidence, in which it was recited that the leases in question cost plaintiff and his associates the sum of $4,000. After judgment against him, defendant procured the affidavit of the said Keeler to the effect that the leases in question cost the plaintiff and his associates the sum of $2,-400 and upon this affidavit defendant based his motion for new trial, which was, by the court, granted.

Did the court then err in this regard? We think not. The following authorities fully sustain the court's ruling: Roeser v. Pease, 37 Okla. 222, 131 Pac. 534; St. Louis & S. F. Ry. v. Hurley, 30 Okla. 333, 120 Pac. 568; Bufford v. Benton, 44 Okla. 283, 144 Pac. 349; Taylor et al. v. Monday et al., 104 Okla. 241, 231 Pac. 75. In the last above cited case, the court says:

"In the matter of granting a new trial the discretion of the trial court is very broad, and its order, granting a new trial, will not be disturbed or set aside on appeal unless it clearly appears that, in granting the new trial, the trial court took an erroneous view of some pure and unmixed question of law, and that this erroneous view resulted in the order."

In the discussion of the case in the body of the opinion the court uses the following language:

"The first proposition urged by defendants is that the newly discovered evidence referred to in the motion for a new trial, does not meet the following essential requirements:

" '(1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence.'

"If the motion of the plaintiffs for a new trial on the ground of newly discovered evidence had been denied, the holding of the court would not be disturbed unless the requirements above enumerated were met by the newly discovered evidence; however, this rule does not obtain where the court, in the exercise of its sound discretion, grants a new trial in the furtherance of justice. At the time the court entered its order granting the plaintiffs a new trial he used the following language:

" 'I never was satisfied with the trial of the case nor the decision.'

"And, under the circumstances, the trial court was justified in granting a new trial, in keeping with the rule stated by the court in the case of Hughes v. C., R. I. & P. Ry. Co., 35 Okla. 482, 130 Pac. 591:

" '* * * New trial ought to be granted whenever, in the opinion of the trial court, the party asking for a new trial has not probably had a reasonably fair trial and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them.' "

The statement made by the trial court at the time judgment was rendered appears in the record and it appears from such statement that the court was not at all certain as to what the judgment should have been. In these circumstances, it was proper to grant a new trial.

It is contended by the plaintiff that the defendant, in his motion for new trial, failed to show sufficient diligence to obtain the testimony of the witness Keeler, and therefore his motion should be overruled. Numerous authorities are cited but in most of them an appeal was lodged from an order overruling the motion. Quite a different proposition is presented where the appeal is from an order sustaining the motion. In such cases, the rule as to diligence is frequently somewhat relaxed in order to prevent a miscarriage of justice.

Plaintiff quotes extensively from the case of Vickers v. Phillip Carey Co., 49 Okla. 231, 151 Pac. 1023. This case is not applicable to the facts in the case here presented. It is true that in the cited case, judgment of the trial court, granting a new trial on the ground of newly discovered evidence, was reversed, the court being of the opinion that the alleged newly discovered evidence was merely cumulative and insufficient in all probability to have changed the result. Moreover, the application was by petition filed after the term at which judgment was rendered. In such cases, the trial courts are not vested with as wide discretion as where the application comes at the same term at which judgment is rendered. The holding of the court in the cited case, quoting from the last paragraph of the syllabus, is as follows:

"Where the court grants a new trial on a petition filed after the term at which judgment was rendered, on the ground of newly discovered evidence, and in doing so disregards the established rules of law, its action presents a question of law reviewable on appeal."

Defendant states in his sworn application for a new trial, that he could not with reasonable diligence have discovered and produced the said evidence at the time of the trial; that the first and only time he ever saw the witness prior to the time of the execution of the affidavit was in the fall of 1924 at his office, at the time the proceeds of the sale of the leases in question were distributed; that said witness Keeler came to his office in company with the plaintiff and appeared unwilling to give any information as to the true consideration originally paid for said leases, and that he relied in good faith on the plaintiff producing said Keeler as a witness; that shortly after judgment was rendered against him, he procured a certified copy of said judgment and exhibited the same to the said witness, and

that the said witness then for the first time disclosed the true facts in the case.

We cannot say that there was such a total lack of diligence shown as to have made it the imperative duty of the court, under the law, to deny the motion.

In the case of St. L. & S. F. Ry. Co. v. Hurley, supra, the allegations as to dilligence are very similar to the allegations in this case. The court reversed the order denying a new trial. Upon the authority of that case, we feel secure in sustaining the trial court in the instant case.

Judgment should be affirmed.

BENNETT, DIFFENDAFFER, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 835, §2817; 20 R. C. L. p. 290; 3 R. C. L. Supp. p 1051; 4 R C. L. Supp. p. 1351; 5 R. C. L. Supp. p. 1096; 6 R. C. L. Supp. p. 1202.