### CITY OF MUSKOGEE et al. v. McMURRY et al.

No. 20501. Opinion Filed Feb. 2, 1932.

Rehearing Denied March 1, 1932.

C. A. Ambrister and Bower Broaddus, for plaintiff in error City of Muskogee.

C. A. Summers, for plaintiff in error Muskogee Electric Traction Company.

I. C. Duckworth and W. J. Davidson, for defendants in error.

CLARK, V. C. J. This action was commenced in the district court of Muskogee county by defendants in error herein, against the plaintiffs in error herein, for damages on account of the death of their minor child, Martha Elizabeth McMurry, caused by the alleged negligence of the plaintiffs in error.

The parties, appearing here in reverse order to what they appeared in the trial court, will be referred to as plaintiffs and defendants, as they appeared in the trial court.

The plaintiffs alleged in their amended petition that the defendant Muskogee Electric Traction Company operated an electrical street railway in the city of Muskogee, one of which lines extended along Broadway to 44th street, which point was then its terminus. That on the day of the accident, defendant Maples owned and operated a jitney service for hire from said terminus over what is known as Hospital drive to the Veteran's Hospital, a distance of about a mile, all located within the corporate limits of the city of Muskogee. That the jitney or bus line was operated by defendant Maples in part for the convenience and benefit of the defendant Electric Traction Company in order to transport passengers desiring to go to the hospital or points between the same and terminus, under a written contract between Maples and the Electric Traction Company, and in consideration of the benefits to it of the maintenance of said jitney service paid to Maples a fixed amount of money yearly to operate said jitney or bus service, in addition to the revenue he (Maples) might derive in fares collected by him from passengers riding in said buses, and alleged by the terms of said contract the said Maples was the agent of the Electric Railway Company.

Further alleged that on the day of the accident plaintiff Olive E. McMurry, together with said infant child, Martha Elizabeth McMurry, and a younger child, had been passengers for hire on the defendant Electric Railway Company's line, and at the terminus thereof had been directed by the conductor to take the said bus or jitney line so operated by Maples for further carriage to their destination.

Further alleged that they became passengers for hire upon said bus or jitney line of defendant Maples. That the rear seat thereof was occupied, and by direction of Maples they took the only remaining seat in front and at the right hand of the driver; the younger of said children being held on plaintiff's lap and the said Martha Elizabeth McMurry standing in said car and in front of plaintiff and steadied and upheld by her holding her.

Further alleged that said jitney ran into one or two chug holes, and said child was violently jostled and thrown out of said car and she turned completely over and under the rear right wheel of said car and was almost instantly killed.

The negligence of the defendant Maples was alleged to be the overcrowding of his jitney so as to compel the deceased to stand and be jarred or jolted, when the car struck a hole in the street, against an unsecurely fastened door, or the catch of said door was not adequate to keep the same securely closed when tested by the jolting of said car.

The alleged negligence of the city of Muskogee was the failure to use ordinary care in the maintenance of its streets.

The negligence of the Electric Railway Company was the same as that of Maples,

on the theory that Maples was the agent of such company.

Separate answers were filed by the various defendants.

The defendant Muskogee Electric Traction Company filed answer by way of general denial, and pleaded contributory negligence on the part of the plaintiffs in permitting the child to stand in said jitney and knowingly riding over said street. Denied that the defendant Maples was the agent of this defendant, and denied it was responsible for any acts or omissions of any kind of Maples, and alleged that Maples operated said bus line as an independent contractor under a written contract, which contract was made a part of said answer.

The defendant city of Muskogee filed answer by way of general denial; pleaded contributory negligence on the part of plaintiffs.

The defendant James Maples filed answer by way of general denial; further denied he was the agent or employee of the Muskogee Electric Traction Company or city of Muskogee at the time of the accident. Pleaded contributory negligence on the part of plaintiffs.

The cause was tried to a jury. At the close of plaintiffs' evidence, the court sustained demurrer to the plaintiffs' evidence as against the defendant Muskogee Electric Traction Company, to which plaintiffs excepted, and overruled the demurrer of the other two defendants. The cause proceeded to trial as to the other two defendants, and the jury returned a verdict in favor of the defendants.

Thereafter, and within three days, motion for a new trial was filed by plaintiffs wherein they alleged misconduct of the jury and prevailing party; accident and surprise which ordinary prudence could not have guarded against, particularly in the testimony of two witnesses, D. G. Gatlin and C. D. Hill, and set out the particulars with reference thereto. And set out error of the court in sustaining the demurrer of Muskogee Electric Traction Company, also with reference to the instructions of the court as to the degree of care required by the defendant James Maples; and in paragraph six of said motion for a new trial plaintiffs set out as one of their grounds newly discovered evidence concerning an alleged conversation testified to between plaintiff and a Mr. and Mrs. Hale, and also other newly discovered evidence which the plaintiffs state:

"Production and showing of which will be duly hereinafter made to the court"

—and set out other alleged errors of the court not necessary to enumerate herein.

Thereafter, affidavits of the attorney for plaintiffs were filed in support of said motion; thereafter, amended motion for new trial based upon newly discovered evidence, together with the affidavits of plaintiffs, and the affidavits of the two newly discovered witnesses, which were eyewitnesses to the accident, were filed therein.

Thereafter the motion for new trial was sustained upon two grounds, as stated in the order, to wit:

"It is therefore, ordered, adjudged and decreed that the plaintiffs' motion for a new trial be and it is hereby granted, solely upon the grounds of newly discovered evidence, and the court's instructions to the effect that the defendant James Maples owed ordinary* care to the deceased, Martha Elizabeth McMurry."

To which action of the court the defendants and each of them excepted, gave notice of appeal as shown by the order sustaining said motion, and bring the cause here for review by separate petitions in error.

The plaintiff in error Muskogee Electric Traction Company presents in its brief the following assignment of error:

"The said court erred and abused its discretion in granting the defendants in error a new trial herein against the Muskogee Electric Traction Company for the reason that the demurrer to the evidence by this plaintiff in error was sustained by the court and the motion for new trial in no way bore upon this phase of the question and no grounds were stated therein why a new trial should be granted."

The only oral evidence of plaintiff as to the connection of the Muskogee Electric Traction Company and codefendant Maples was as follows:

Mrs. Olive E. McMurry, one of the plaintiffs, testified as follows:

"Q. Did you ever travel the Traction Company line known as the Broadway and 44th car? A. Many times. Q. Previous to this 16th day of May, 1926, did you ever observe on this car or any of the traction cars of the defendant Traction Company any signs or placards? A. I did. Q. What did those placards state? A. It said 'Motor Vehicles connect with this car for city and Veteran's Hospital.' It was on it in big letters. Was either on the front or rear of every car I ever rode on. Q. Which was it, placard or painted sign? A. Looked like sort of white paint. It was conspicuous to say the least, in big enough letters that anybody could notice it well. Q. And previous to the 16th day of May, 1926, in traveling on the Broadway and 44th street line, were

you ever directed by the conductor of the Muskogee Electric Traction Company as to what line to take to connect with the Veteran's Hospital? A. The first time I boarded the 44th and Broadway street car line, Number 7 was the motorman's number and he helped my two children on the car and said something pleasant to both of them and when we got off he says, 'Lady—' he knew I was a stranger. Many times I have heard him direct other strangers when I have been a passenger—He said, 'Lady, there is the motor bus which connects this car. Did you want to go to the hospital?' and I said, 'Yes, my husband is a patient there.' * * * Q. Was it his habit to meet the different cars there according to your experience? A. Very punctually. The street car conductor always made the remark when he was not there saying he was supposed to meet them and he was usually very punctual."

On cross-examination the witness testified that on the day of the accident she boarded the street car at 24th and Broadway and rode the same to the hospital driveway, the intersection of the street car line and 42nd street, and further testified:

"Q. The fare you paid just paid your fare on the street car alone, is that correct? A. Yes, sir."

The contract between defendant Maples and the Electric Traction Company pleaded in the petition of plaintiffs and pleaded in the answer of the Electric Traction Company, and which was introduced in evidence by plaintiffs in their rebuttal evidence, reads as follows:

"This agreement made and entered into on this 20th day of March, 1926, by and between the Muskogee Electric Traction Company, a corporation, of Muskogee, Oklahoma, party of the first part and W. E. Deloach and Jim Maples of Muskogee, Oklahoma, their assigns and successors, parties of the second part, witnesseth:

"That for and in consideration of the covenants hereinafter mentioned the parties of the second part, their assigns and successors agree to operate a passenger bus capable of seating sixteen people between the Soldiers Memorial Hospital and the station stop of the party of the first part at the intersection of West Broadway and Forty-second streets in the city of Muskogee, Oklahoma. Said parties of the second part agree and bind themselves, their assigns and successors to operate said passenger bus from the hours of 6:00 o'clock a. m. to 11:00 o'clock p. m. of each day and meet all street cars operated by the party of the first part on its twelve minute schedule on its street car line and to transport all passengers desiring transportation between said hospital and the station of the party of the first part upon the payment by said passengers of the fare for such transportation

fixed by the parties of the second part, their assigns and successors.

"For and in consideration of the above covenants the party of the first part agrees to pay to the parties of the second part, their assigns and successors the sum of $100 per month for the operation of said bus line as aforesaid for a period of six months from this date. Said parties of the second part, their assigns and successors agree to operate said bus line as aforesaid for the above consideration for said period of six months.

"It is mutually agreed and understood by and between the said parties that the said parties of the second part, their assigns and successors are in no way the agents of the party of the first part and have no power to act as such and the said party of the first part is in no way bound or liable for any act or omission whatsoever by the parties of the second part, their assigns and successors.

"But the said sum of $100 per month is to be paid by the party of the first part to the parties of the second part as a bonus, their assigns and successors to assist the parties of the second part, their assigns and successors in operating their bus line as aforesaid for hire for the traveling public between said points."

The newly discovered evidence set out in the motion for new trial and in the affidavits had no bearing whatsoever on the issue between the plaintiffs and the Muskogee Electric Traction Company as to its liability on account of said accident.

In the case of C., R. I. & P. Ry Co. v. Bennett, 36 Okla. 358, 128 Pac. 705, in the 4th paragraph of the syllabus, this court said:

"Where the contract of employment involved is in writing, the question of the relation created by it between the parties is ordinarily one of law for the court; but if the contract is oral, and the evidence as to its terms is conflicting, or where a written contract has been modified by the practice under it, the question should be submitted to the jury under proper instructions. But, although the contract may be oral, if there is no dispute as to its terms, or if but one inference can be drawn from the evidence, then the question of whether the relation is that of employer and independent contractor, or that of master and servant, is for the court."

Also see C., R. I. & P. Ry. Co. v. Bond, 47 Okla. 161, 148 Pac. 103.

In the case of Tahona Smokeless Coal Co. v. State Industrial Commission, 128 Okla. 188, 261 Pac. 941, in the 1st paragraph of syllabus, this court said:

"An independent contractor is one who, exercising an independent employment, con-

tracts to do a piece of work according to his own methods, and without being subject to the control of his employer, except as to the result of the work."

In the case at bar it is our opinion, under the written contract pleaded by plaintiffs and defendant, together with the undisputed oral evidence as to the practice under it, but one inference can be drawn from said contract and oral evidence, that is, that the relation of master and servant did not exist between the Electric Traction Company and Maples, and that the question of whether the relation is that of employer and independent contractor, or that of master and servant, was for the court to decide, and that the trial court was correct in sustaining the demurrer of the defendant Muskogee Electric Traction Company to the evidence of plaintiffs; and that the trial court erred in granting a new trial as against the defendant Muskogee Electric Traction Company.

The plaintiff in error James Maples has wholly failed to file brief herein in support of his assignments of error set out in his petition in error.

The plaintiff in error city of Muskogee, under its first proposition, contends:

"The court erred in granting the plaintiffs' motion for new trial on the grounds of newly discovered evidence for the reason that said motion filed during the term is wholly insufficient and is unsupported by affidavit, and the pleadings after term time, designated amended motion for new trial, does not answer the requirements of statute and is wholly insufficient."

This plaintiff in error contends in support thereof that as to the testimony of Mr. and Mrs. Hale set out in the motion for new trial, same is impeaching in its character; and as to the amended motion for new trial, and the affidavits of Denton and Hundley set out therein, filed after the term expired, same did not comply with the statutes, and was cumulative.

The affidavits filed in support of the motions for new trial set out in detail how plaintiffs were surprised in the testimony of certain witnesses at the trial, which ordinary prudence could not have guarded against, with reference to statement testified to by said witnesses that the plaintiff made, and as to how the child was standing in the car; and set out the names of the witnesses that could be procured to show the falsity of said testimony as testified to by the witnesses. Also surprise in the testimony of a witness for plaintiffs as to the condition of the streets, same being in conflict with what the witness had ad-

vised counsel for plaintiffs. Also affidavits of two witnesses, who were eyewitnesses to the accident, who were unknown to plaintiffs at the time of the trial, and alleged that with due diligence said witnesses could not have been obtained at the time of the trial; and that the effect thereof, if a new trial be granted, would probably result in a judgment in favor of the plaintiffs.

The effect of the affidavits of the two witnesses set out as newly discovered was as to the condition of the street at the time of the accident; and as to the jitney being heavily loaded, and striking a chug hole and jostling the little girl out and its head hitting on the edge of a chug hole. And alleged that same was not cumulative.

The affidavits and amended motion for new trial filed after the three days from the date of the rendition of the verdict were based upon the grounds set out in the original motion for new trial, but were a clearer, more appropriate statement and elaboration of the grounds originally set up, and were not new and independent grounds therefor.

In the case of Rogers v. Quabner, 41 Okla. 107, 137 Pac. 361, in the 1st paragraph of the syllabus, this court said:

"A motion for a new trial may be amended, after the three days allowed by the statute for filing the motion, by a clearer, more appropriate statement or elaboration of the grounds originally set up; but such an amendment, filed after the statutory time has expired, cannot set up new and independent grounds therefor."

A trial court may continue the hearing of a motion for a new trial to another term and retain jurisdiction then to pass upon it. Shawnee Mutual Fire Ins. Co. v. School Board, 44 Okla. 3, 143 Pac. 194.

Plaintiff in error cites in support of its contention as the leading case thereon, Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1023, and cases following the holding therein, and contend that the motion for new trial did not meet the following essential requirements, to wit:

"1. The testimony must be such as would probably change the result if a new trial is granted. 2. It must have been discovered since the trial. 3. It must be such as could not have been discovered before the trial by the exercise of due diligence. 4. It must be material to the issues. 5. It must not be merely cumulative to the former evidence. 6. It must not be merely to impeach or contradict the former evidence."

The Vickers Case, supra, is not applicable to the facts in the case at bar, as the Vickers Case was on a motion for new trial

presented by application by petition filed after term, and after the original motion for new trial had been overruled, and in such cases the trial court is not vested with such wide discretion as where the application comes at the same term at which the judgment was rendered.

In construing the Vickers Case, supra, in a case similar to the case at bar, this court in the case of Black v. Bell, 128 Okla. 160, 261 Pac. 222, at page 162 of Oklahoma Reports, said:

"Plaintiff quotes extensively from the case of Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1023. This case is not applicable to the facts in the case here presented. It is true that in the cited case, judgment of the trial court granting a new trial on the ground of newly discovered evidence was reversed, the court being of the opinion that the alleged newly discovered evidence was merely cumulative and insufficient in all probability to have changed the result. Moreover, the application was by petition filed after the term at which judgment was rendered. In such cases, the trial courts are not vested with as wide discretion as where the application comes at the same term at which judgment is rendered."

Also this court in construing the requirements as contended for by plaintiffs in error with reference to motions for new trial on newly discovered evidence, in the case of Taylor v. Monday, 104 Okla. 241, 231 Pac. 75, said:

"If the motion of the plaintiffs for a new trial on the ground of newly discovered evidence had been denied, the holding of the court would not be disturbed unless the requirements above enumerated were met by the newly discovered evidence; however, this rule does not obtain where the court, in the exercise of its sound discretion, grants a new trial in the furtherance of justice."

And in the 1st paragraph of the syllabus thereof, said:

"In the matter of granting a new trial, the discretion of the trial court is very broad, and its order, granting a new trial, will not be disturbed or set aside on appeal, unless it clearly appears that, in granting the new trial, the trial court took an erroneous view of some pure and unmixed question of law, and that this erroneous view resulted in the order."

And in the case of Jarecki Mfg. Co. v. Thames, 151 Okla. 234, 3 P. (2nd) 428, in the 3rd paragraph of the syllabus, this court said:

"As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal."

It is our opinion in the case at bar there was not such an abuse of discretion by the trial court in granting the motion for new trial on the grounds of newly discovered evidence as would warrant this court in setting aside said order as to the plaintiffs in error city of Muskogee and James Maples.

The plaintiff in error further contends:

"The court erred in granting the plaintiffs' motion for new trial as to the defendant the city of Muskogee, on the ground that it had instructed the jury that James Maples, another defendant, owed only ordinary care to the deceased."

This assignment of error applied to the degree of care that plaintiff in error Maples owed to the deceased child; and the plaintiff in error Maples having failed to file brief herein, and has assigned no reason for his failure to do so, his appeal will be considered as abandoned and this assignment of error will not be considered by this court as affecting the rights of the plaintiff in error city of Muskogee, as the case under the previous holding of this court must be retried as against the defendants city of Muskogee and James Maples.

Judgment of the trial court is reversed as to the plaintiff in error Muskogee Electric Traction Company, a corporation; and affirmed as against the plaintiffs in error city of Muskogee and James Maples.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CULLISON and ANDREWS, JJ., absent.

Note.—See under (1) 14 R. C. L. 67; R. C. L. Perm. Supp. p. 3514; R. C. L. Pocket Part, title Independent Contractors, § 2. (4) 20 R. C L. 227; R. C. L. Perm. Supp. p. 4863; R. C. L. Pocket Part, title New Trial, § 12.