## WILSON et al. v. HARTIN.

No. 22922. Opinion Filed March 8, 1932.

Kelley & Grigsby, for plaintiffs in error.

Reuel W. Little, for defendant in error.

PER CURIAM. This action was commenced in the district court of Marshall county by E. I. Hartin to recover from J. H. Wilson, George H. Wright, H. T. Helman, Harry E. Reynolds, and Leo Ring, plaintiffs in error here, for the sum of $455, alleged to be due on wages, and for foreclosure of mechanic's lien. The cause was tried to the court and judgment rendered in favor of the defendants on March 9, 1931, and a second motion for new trial on the grounds of newly discovered evidence was filed on April 11, 1931, and on said date the trial court made and entered its order overruling the motion filed on March 10, 1931, but sustaining the motion for new trial on the grounds of newly discovered evidence. To reverse this order, the defendants appeal to this court.

The defendant in error has filed motion to dismiss on the ground that the appeal is frivolous, without merit, and for the purpose of delay, and attached thereto brief in support of said motion. No response to the motion to dismiss appeal has been filed by the plaintiffs in error, but previous to the filing of the motion to dismiss the appeal, plaintiff in error filed brief on the merits.

The only assignment of error in the petition in error and argued in the brief of plaintiff in error, is, that the court erred in sustaining the motion of the defendant in error for a new trial on the grounds of newly discovered evidence. The first

proposition discussed in the brief of plaintiff in error is, that plaintiff's motion for new trial on the grounds of newly discovered evidence is not verified as required by law and the holdings of this court; second, that there is not sufficient showing of diligence to procure the alleged newly discovered evidence before the trial; third, that the alleged newly discovered evidence is not such that it would probably change the result if a new trial were granted; that the alleged newly discovered evidence is merely cumulative to the former evidence; and fourth, that the alleged newly discovered evidence is merely to impeach or contradict the former evidence.

The record discloses that the motion for new trial on the grounds of newly discovered evidence was supported by affidavit of the plaintiff and the affidavit of the witness, and a further affidavit by the attorney as to diligence; said affidavits were duly sworn to before a notary public. No controverting affidavits were filed. The applicable part of section 575, C. O. S. 1931, reads as follows:

"The causes enumerated in subdivision 2, 3, 7 and 9 of section 5033 (572, C. O. S. 1921) must be sustained by affidavit, showing their truth, and may be controverted by affidavits."

It appears that the requirements of the statute were sufficiently met in this case, and we think there is no merit in the contention that the motion or application for new trial was not properly verified.

From the records in this cause, it appears that the newly discovered evidence was material to the plaintiff's cause of action, and that it was purely within the discretion of the trial court in granting a new trial upon the showing made. In Richards v. Claxton, 79 Okla. 133, 192 P. 199, this court held:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its views of some pure and unmixed question of law."

And this has been the uniform holding of this court in an unbroken line of decisions. Conservative Loan Co. v. Saulsbury, 75 Okla. 194, 182 P. 685; Black v. Bell, 128 Okla. 160, 261 P. 222; Taylor v. Monday, 104 Okla. 241, 231 P. 75; Isaacs v. Tull, 131 Okla. 138, 267 P. 1049.

In Richards v. Claxton, supra, the appeal was from the judgment and order of the lower court granting a new trial, and the only assignment of error presented by the plaintiff in error was that the court erred in sustaining the motion of the defendant in error, plaintiff below, in granting a new trial, and this court dismissed the appeal on the grounds that it was manifestly without merit. In Black v. Bell, supra, the trial court sustained the motion on the grounds of newly discovered evidence, and plaintiff appealed to this court. And in Taylor v. Monday, supra, the appeal was taken on similar grounds. It was alleged, as in the instant case, that the newly discovered evidence referred to in the motion for new trial failed to meet the essential requirements, the same as set out in the plaintiff in error's second proposition herein. And in the body of the opinion, the court used the following language:

"If the motion of plaintiff for new trial on the ground of newly discovered evidence has been denied, the holding of the court would not be disturbed unless the requirements above enumerated were met by the newly discovered evidence; however, this rule does not obtain where the court in the exercise of its sound discretion grants a new trial in the furtherance of justice."

In Isaacs v. Tull, supra, in a well considered opinion by Mr. Justice Lester, this court adopted the rule announced in K. K. K. Medicine Co. v. Harrington, 83 Okla. 201, 201 P. 496, in the following language:

"A motion for new trial is addressed to the sound, legal discretion of the trial court, and where the trial judge who presided at the trial of the case sustains such motion, every presumption will be indulged that such ruling is correct."

In this cause the sole question involved in the case was the amount of wages or salary to be paid under a verbal contract of employment, and the testimony of the plaintiff and that of the defendant, Helman, was in direct conflict. In his affidavit in support of the motion for new trial, plaintiff in error states that he first learned of the witness, Fulsom Arbuckle, on or about the 5th day of April, subsequent to the trial; that he had made diligent search to procure witnesses to prove his contract with the defendant, prior to the trial. The affidavit of the witness Fulsom Arbuckle, who did not reside in Marshall county at the time of the trial, and was not present, states that the plaintiff knew nothing of his knowledge as to what salary he was to receive, and nothing of the statement made to the witness by the defendant in regard to the amount of the salary; that he is and was attorney in fact for Carrie Arbuckle, his mother, and had charge of looking after the leasehold described in

plaintiff's petition: that within a week or 10 days after the operations were commenced on the leasehold, he talked with defendant, Helman, and, in discussing matters, the said defendant stated that E. I. Hartin was an excellent worker, was doing the pumping and working on the drilling machine, "and he told me at that time he was paying him tool dresser's wages and that he was paying him $150 per month, double the amount he received while he was working for Wilson." That the witness was residing at Allen, Okla., at the time of the trial, and that on or about the 1st day of April, 1931, he was in Madill, and called at the office of the attorney for the plaintiff, and learned that Hartin, the plaintiff, had lost his case, and at that time he told the attorney for the plaintiff what he knew about the contract. The affidavit of the attorney substantiates the statement made by the witness in this regard.

We cannot say that there was such a total lack of diligence as to have made it the imperative duty of the court, under the law, to deny the motion. The newly discovered evidence was a distinct fact coming to plaintiff's knowledge after the trial, material and not cumulative. See Goldie v. Corder, 35 Okla. 247, 129 P. 3.

The motion to dismiss should be sustained under the record in this case.

There is another matter arising on the face of the record which goes to the jurisdiction of this court to entertain the appeal. On April 11, 1931, the trial court granted 60 days in which to prepare and serve case-made. In due time other orders were entered extending the time 90 days in addition to the time granted in which to prepare and serve case-made, allowing the plaintiff 10 days to suggest amendments and the case-made to be settled on five days' notice. This was a total of 150 days from April 11th and the time for service of case-made expired on September 8, 1931, but the case-made was not served until September 10th, two days after the expiration of the time in which to serve. Where a case-made is not served within the time prescribed by law or a valid order of the trial court, such case-made is a nullity and brings nothing before this court for review. Holiby v. Poteet. 142 Okla. 250, 286 P. 782; Lambert v. Monarch Cement Co., 141 Okla. 31, 285 P. 44.

For the reasons stated and under the authorities cited, the appeal is dismissed.

Note.—See under (1), 2 R. C. L. 217, 219; R. C. L. Perm. Supp. pp. 386, 390: R. C. L. Pocket Part, title Appeal, §§ 182, 184. (3). 2 R. C. L. 158, 159.