## GREENWALT, Ex'x, v. OKLARADO OIL CO.

No. 21861.   April 24, 1934.

M. A. Dennis, for plaintiff in error.

Gilder & Beckett, for defendant in error.

PER CURIAM.   This is an appeal from an order granting a new trial. The Oklarado Oil Company sued Lizzie H. Greenwalt, as executrix of the estate of Howard L. Greenwalt, deceased, in the superior court of Okmulgee county on two promissory notes executed by the deceased and for money advanced to him. Answer was filed and the cause proceeded to trial. The trial court sustained objections to the evidence offered by plaintiff and dismissed plaintiff's suit. A motion for a new trial was filed, and after a hearing thereon the court sustained the motion and granted plaintiff a new trial, from which order defendant appeals. The parties will be referred to as they appeared in the trial court.

The privilege of appealing from an order granting a new trial is specifically granted by section 528, O. S. 1931. A review of the cases indicates that many times, as in the instant case, the privilege has been abused. In this case, the only issue presented to the trial court involved the sufficiency of the pleadings. The merits of the controversy have never been submitted to the trial court, but are presented here in the briefs of the par-

ties. In view of the great latitude and discretion vested in the trial court by the provisions of section 556, O. S. 1931, this court has ever been reluctant to reverse an order of the trial court granting a new trial. In the early case of Duncan v. McAllister-Choctaw Coal Co., 27 Okla. 427, 112 P. 982, it is said:

"This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial."

This rule has been approved in the cases of Metropolitan Life Ins. Co. v. Plunkett, 109 Okla. 148, 234 P. 722; Carr v. Wichita State Bank & Trust Co., 118 Okla. 136, 246 P. 1088; Markham v. Reynolds, 129 Okla. 127, 263 P. 1084; Creekmore v. City of Tulsa, 139 Okla. 249, 281 P. 782, and many other cases. In the case of Osage Mercantile Co. v. Harris, 52 Okla. 78, 152 P. 408, it is said:

"An order of a trial court, granting a new trial, will not be reversed, unless it can be seen that the trial court erred with respect to some pure, simple, and unmixed question of law, and such error has resulted in injury."

In line with the above authorities, this court will not examine the record and briefs to determine the contentions of the parties with regard to the merits of the controversy, but will only determine from said record and briefs whether or not the court erred with respect to a pure, simple, and unmixed question of law in granting a new trial and whether such error resulted in material injury.

An examination of the record herein discloses that no such error was committed. Therefore, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge Porter Newman, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.