## TULSA TRIBUNE CO. v. GIVENS.

No. 25778. Nov. 19, 1935.

632

Biddison, Campbell & Biddison and Harry Campbell, Jr., for plaintiff in error.

A. B. Campbell, W. I. Williams, and R. L. Davidson, for defendant in error.

PER CURIAM. This action was commenced in the district court of Tulsa county, Okla., by the defendant in error, Dora Givens, against the plaintiff in error, Tulsa Tribune Company, a corporation. The parties will be referred to as they appeared in the trial court.

The plaintiff filed her action under two counts against the defendant, praying for judgment in the sum of $50,000 for slander by reason of the publishing of the following two articles:

"Two Held for Forgery.

"1. Bartlesville, Okla., March 4—(AP)— E. A. Threadgill, Pawhuska attorney, and Dora Givens were held in jail here today on charges of forgery. County officers charged they forged the name of Cecilia Bigheart Selph, incompetent Indian, · on checks for $40 cash at a local grocery."

"Hearing Set for April 14.

"Attorney Charged With Forgery of Indian's Name.

"2. Bartlesville, Okla., April 1—(AP)— E. E. Heyl, Washington county attorney, said today preliminary hearing of E. A. Threadgill, Pawhuska attorney, charged with forgery of the name of Cecilia Bigheart Selph, incompetent Indian, would be held in justice court here April 14. Threadgill was jointly charged with Dora Givens on March 4. Heyl said he was convinced the woman was innocent and dismissed the charges against her."

The defendant filed a general denial. There was no plea of justification or truth of the articles. There was no attempt to prove special damages, as none were alleged. The evidence showed that the article was an Associated Press article, which was accepted by the defendant in the first instance at face value, and the second article was published only after confirmation had been obtained from the county attorney; that the plaintiff's name as guardian was forged to the check, and that the plaintiff was a woman of high character living in Pawhuska for several years, and was not in Bartlesville at the time of the alleged charge.

The case was submitted to the jury and a verdict was rendered in favor of the plaintiff against the defendant for $1,000. Thereafter, as provided by law, the plaintiff filed her motion for new trial. The court granted a new trial on the ground of its failure to instruct the jury that the articles complained of were libelous per se.

It is assumed by both sides that the articles published were libelous per se. We agree in this assumption.

In the case of City of Muskogee v. McMurray et al., 155 Okla. 203, 8 P. (2d) 670, the court said in the fourth paragraph of the syllabus:

"In the matter of granting a new trial, the discretion of the trial court is very broad, and its order granting a new trial will not be disturbed or set aside on appeal unless it clearly appears that in granting a new trial the court took an erroneous view of some pure and unmixed question of law and that this erroneous view resulted in the order."

In the case of Chicago, R. I. & P. Ry. Co. v. Dean et ux., 159 Okla. 274, 15 P. (2d) 595, the court held that the granting of a new trial rests in the sound judicial discretion of the court and this court will not disturb the lower court's action.

In the case of Greenwalt v. Oklarodo Oil Co., 168 Okla. 160, 32 P. (2d) 41, the plaintiff was granted a new trial after the court sustained objections to the evidence offered by the plaintiff and dismissed plaintiff's suit; from which decision the defendant appeals. The court held:

"This court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple and unmixed question of law, and

that except for such error the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial."

In the case of Jerecki Manufacturing Co. v. Thames et al., 151 Okla. 234. 3 P. (2d) 428, the trial court granted the plaintiff a new trial and the defendant appealed. The court said in the second, third. and fourth paragraphs of the syllabus:

"2. Motion for a new trial is addressed to the sound, legal discretion of the trial court, and where the trial judge who presided at the trial of the case sustains such motion, every presumption will be indulged that such ruling is correct.

"3. As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal.

"4. The record examined, and held, that the record fails to disclose a clearly established error in respect to some pure, simple and unmixed question of law. which would justify the appellate court in reversing an order of the trial judge granting a new trial."

In the case of Kansas City, M. & O. Ry. Co. v. Allums, 133 Okla. 181, 271 P. 949, the court said:

"A trial court is allowed a very wide discretion in the granting of a new trial. * * * The granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or a court, and that the showing for a reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal. * * * The trial court no doubt concluded that the verdict was not responsive to the demands of justice, and that the same should be set aside."

In the case of Richards v. Claxton, 79 Okla. 133, 192 P. 199, the court said that the discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record clearly shows that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law. In that case the plaintiff sued for alienation of affections of his wife, praying for a judgment in the sum of $150,000. The jury returned a verdict in his favor for $2,000. Motion for new trial being filed in due time, the lower court granted a new trial without assigning any reason therefor. and the defendant appealed.

In the case of K. K. K. Medicine Co. v. Harrington, 83 Okla. 201, 201 P. 496, the court said in the first paragraph of the syllabus:

"The judge who presides at the trial of a case, hears the testimony as it falls from the lips of the witnesses, observes their demeanor on the stand, and has full knowledge of all the proceedings had and done during the progress of the trial, is in a better position to know whether or not substantial justice has been done than any other person can be. Where such judge on presentation of a motion for a new trial sustains such motion for a new trial, it will require a clear showing of manifest error and abuse of discretion before an appellate court would be justified in reversing such ruling of the trial court."

In the case at bar, the defendant contends that the lower court should not have granted the motion for new trial, as the court in substance and effect instructed the jury that the articles were libelous per se. We have examined the authorities cited and relied upon by the defendant, and find that the same are cases where the trial court refused to grant a new trial and the plaintiff appealed, and are not cases where the lower court granted a new trial to the plaintiff and the defendant appealed.

The trial court failed to instruct the jury that the articles sued on were libelous per se, but left that question to the jury to find as question of fact whether or not the articles were in fact false, libelous, or malicious. This was error, and the trial court was correct in sustaining a motion for a new trial.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Tom W. Garrett, Fred E. Suits, and H. L. Douglass in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Garrett and approved by Mr. Suits and Mr. Douglass, this cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.